564 P.2d 1278

STATE of Idaho, Plaintiff-Respondent,

v.

Johnny THACKER, Defendant-Appellant.

No. 12215.

Supreme Court of Idaho.

May 19, 1977.

Gary E. Radke, Brauner, Fuller, Doolittle & Radke, Caldwell, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., and Patrick J. Kole, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

On appeal from a conviction for involuntary manslaughter, the defendant-appellant Johnny Thacker seeks to have his judgment of conviction set aside on the ground that when accepting his plea of guilty, the trial court failed to advise him of his presumption of innocence, of the state's burden of proof, and of the defense of mental disability. Appellant also contends that the order of commitment should be reversed because the presentence report was inadequate and the sentence imposed was excessive. We affirm both the judgment of conviction and the order of commitment.

Appellant pleaded guilty to the crime of involuntary manslaughter and was sentenced to prison for a period of time not to exceed ten years. Throughout the proceedings below, he was represented by counsel. He now contends that his guilty

plea should be set aside because the trial court did not inform him of the presumption of innocence, of the state's burden of proof, and of the defense of mental disability. In *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976), we held that the trial court was not required to inform the defendant of these matters prior to accepting a plea of guilty. We have reviewed the record in this case, and find no error in the acceptance of appellant's guilty plea.[1]

■ Next, appellant contends that the presentence report was inadequate because it did not include a psychological evaluation, it incompletely described the facts surrounding the crime, and it did not contain either a positive plan of rehabilitation or rehabilitation alternatives. Appellant also argues that the presentence report was not received far enough in advance of the sentencing hearing to afford a reasonable opportunity to rebut inaccuracies or adverse matters contained therein. At the beginning of the sentencing hearing, the trial court asked whether the appellant had read the presentence report with his attorney, and whether appellant had any objections to it. Both appellant and his attorney responded that they had gone over the report and were satisfied with it. It is now too late to contend that the presentence report was inadequate. *State v. Wallace,* 98 Idaho 318, 563 P.2d 42 (1977); *State v. Gish,* 89 Idaho 334, 404 P.2d 595 (1965).

■ Finally, appellant contends that the trial court abused its discretion by sentencing him to prison for a period of time not to exceed ten years. A sentence within the statutory limits will not be disturbed absent a clear abuse of discretion. *State v. Roderick,* 97 Idaho 82, 540 P.2d 267 (1975). No such abuse was shown in the present case.

Affirmed.

McFADDEN, C. J., concurs.

---

1. The record of appellant's guilty plea complies with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). At his arraignment, appellant was informed of the maximum sentence which could be imposed for involuntary manslaughter. When he pleaded guilty, appellant was informed of and waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself. The record as a whole indicates that his plea of guilty was knowingly and voluntarily entered.