651 P.2d 556

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Sterling William ANDERSON,**
**Defendant-Appellant.**

**No. 14289.**

Court of Appeals of Idaho.

Sept. 14, 1982.

Gaylen Box, McDermott Law Offices, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Sterling William Anderson appeals from the imposition of a ten-year indeterminate sentence, following his plea of guilty to first degree burglary. He raises two issues. First, did the district court abuse its discretion by imposing an excessive sentence? Second, did the district court improperly impose the sentence by not requiring professional mental or psychological evaluations of Anderson as part of a presentence investigation? We affirm the sentence.

The following facts appear in the record. After the commission of two burglaries and the theft of an automobile, Anderson, age 20, evaded police in the stolen automobile on a high speed chase. A police officer was injured when Anderson rammed his vehicle into the side of the patrolman's vehicle. Anderson was finally stopped and arrested after colliding with both civilian and police vehicles in the chase. When stopped, Anderson possessed a stolen, loaded firearm, which he carried across his lap, pointed in the direction of the officer who opened the car door to apprehend him.

Anderson was arrested upon a number of charges. He initially pled not guilty to all counts of the criminal complaint, but later pled guilty pursuant to a plea bargain to first degree burglary, resisting arrest, and depriving an owner of his vehicle. Other charges against him were dismissed or reduced by the prosecutor. Following the pleas of guilty, a presentence investigation was conducted and a report was filed with the court.

The presentence investigation disclosed that Anderson had recently been placed on probation in the state of Utah, after serving in that state's correctional facility on a court-retained jurisdiction program. Anderson had a lengthy adult criminal record. It included conviction for auto theft, possession of stolen property, armed burglary, second degree theft, and third degree theft. His past record also included charges for attempted escape from jail, assaulting a police officer, assault with a deadly weapon, auto theft, and destruction of property.

At the sentencing hearing below, the court reviewed the presentence report with Anderson. The judge inquired of Anderson whether he had any comments regarding the report, and Anderson replied that he had none. Anderson's counsel advised the court that, when reviewing the report with Anderson, Anderson had indicated that it was well-written and factually correct.

In sentencing Anderson, the court observed that Anderson's past record indicated that he was an escape risk. The court noted that Anderson's probation from Utah had not been successful. The court concluded that Anderson would probably not benefit from a retained jurisdiction program in Idaho and imposed the sentence here at issue along with two other concurrent sentences, for resisting arrest and depriving an owner of his vehicle.

█ The ten-year indeterminate sentence imposed upon Anderson was within the statutory limits for first degree burglary. The trial court could have sentenced Anderson to a determinate period of fifteen years. I.C. §§ 18–1403; 19–2513A. Our Supreme Court has held that if a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively shows a "clear abuse of discretion." *E.g., State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence may represent a "clear abuse of discretion" if it is shown to be unreasonable upon the facts of the case. *E.g., State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Dillon,* 100 Idaho 723, 604 P.2d 737 (1979). We have held that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria. *Id.* For the purpose of appellate review, we deem the date of first parole eligibility to be the bench-

mark for measuring the term of confinement imposed by an indeterminate sentence. *Id.*

In this case, Anderson would be eligible for parole consideration within three and one-third years, or forty months. From our review of the record we believe that, upon any reasonable view of the facts, a term of forty months confinement would not exceed the period which appears necessary to protect society from Anderson's established pattern of criminal conduct. Accordingly, we conclude that the sentence is not excessive.

 Anderson next argues that it was improper for the court to impose a sentence without first requiring a mental evaluation for Anderson. He contends that he suffered from emotional and psychological problems, which were evidenced by a past history of alcohol and drug abuse. He submits that a psychological evaluation would have suggested some form of treatment by the court other than incarceration.

Rule 32 of the Idaho Criminal Rules allows for recommendation by the presentence investigator to the sentencing judge for psychological evaluation of a defendant. The decision to order such an evaluation rests with the judge. I.C.R. 32(d). A psychological evaluation is not required in every case where the court orders a presentence report. *State v. Whitman,* 96 Idaho 489, 531 P.2d 579 (1975). Here, in the report filed with the court, Anderson indicated to the presentence investigator that he, Anderson, did not believe that he needed mental therapy. At the sentencing hearing, Anderson acknowledged that the report was accurate, and declined to comment further when invited to do so by the court. The record also reflects that Anderson failed to timely object to the content or alleged deficiencies in the report at the sentencing proceeding. Where no objection has been made to a presentence report at a sentencing hearing, and the report substantially addresses the points required by court rule, we will not review a challenge to the report raised on appeal. *State v. Toohill, supra; State v. Thacker,* 98 Idaho 369, 564 P.2d 1278 (1977); *State v. Wallace,* 98 Idaho 318, 563 P.2d 42 (1977). The record before us shows that the presentence report substantially addressed the points required by court rule, and we decline to review it further.

The sentence imposed by the district court is affirmed.

BURNETT and SWANSTROM, JJ., concur.