695 P.2d 416

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Donald W. FINK, Defendant-Appellant.**

**No. 14692.**

Court of Appeals of Idaho.

Jan. 21, 1985.

John S. McKinney, Salmon, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Donald W. Fink pled guilty to second degree kidnapping, I.C. §§ 18–4501, 18–

4503, and aggravated battery, I.C. §§ 18–903(a), 18–907(b). He received concurrent fifteen-year indeterminate sentences for these offenses. Because a deadly weapon was used during the commission of the battery, the state sought enhancement of the penalty imposed for that crime. Pursuant to I.C. § 19–2520, an additional five-year indeterminate sentence was imposed. On appeal from his sentences, Fink contends his presentence investigation report was insufficient in respect to a psychological examination and plan of rehabilitation. He also argues that the sentences imposed are excessive. We affirm.

During the July 4, 1981 holiday, Fink and his family were camping near Redfish Lake in central Idaho. On the afternoon of July 4, Fink drove to Stanley to get a drink at a newly opened bar. While in the bar, Fink had a brief conversation with a young woman from Boise who was also visiting the Stanley area. Fink and the woman left the bar at approximately the same time, whereafter the woman reluctantly, although apparently of her own will, agreed to ride in Fink's pickup back to the motel where she was staying.

Instead of driving to the motel, Fink drove out of Stanley on an unpaved mountain road. Fink refused to let the victim out of the pickup; in fact, he abused her verbally and physically to keep her in the vehicle. Later, he stopped the pickup a number of times, removed the victim's clothes and forced the victim into acts of fellatio. On a couple of occasions when the vehicle was stopped and the woman was able to get out of the pickup, Fink used a pocket-knife to cut the woman in the stomach area and to stab her in the buttocks. Fink also slapped the victim, yanked her by her hair and slammed her head into the side of the pickup. At one point, the woman lay still as if she were dead. Fink left and the victim escaped. Fink has stated that he does not remember the events following the couple's departure from the bar until he found himself alone in his stalled pickup.

Fink was initially charged with first degree kidnapping, committing an infamous crime against nature, battery with intent to commit an infamous crime against nature, and aggravated battery. Following discussions with the prosecutor's office, Fink agreed to enter pleas of guilty to second degree kidnapping, aggravated battery and use of a deadly weapon in committing aggravated battery. After a presentence investigation was completed, Fink received the sentences set forth above.

■ Fink contends first that his presentence report did not comply with I.C.R. 32(b)(10) because it contained no recommendation regarding a psychological examination nor did it contain a plan of rehabilitation. A review of the presentence report and the transcript of Fink's sentencing hearing discloses there is no merit to this contention.

In respect to a psychological evaluation the presentence report stated that Fink underwent such an evaluation at the Treasure Valley Psychiatric Center in Boise, Idaho, approximately five months before the report was prepared. Copies of the evaluations made by a psychiatrist and a psychologist were submitted with the report at Fink's sentencing hearing. Further, both the psychiatrist and the psychologist testified at the sentencing hearing, concerning Fink's mental condition. Although a psychological evaluation is not required in every case, *State v. Anderson,* 103 Idaho 622, 651 P.2d 556 (Ct.App.1982), here such an evaluation was made and presented to the court as part of Fink's presentence investigation.

■ In respect to the alleged lack of a plan for rehabilitation, the presentence investigator simply concluded: "Rehabilitative alternatives other than incarceration do not appear to be applicable in this case." I.C.R. 32 requires a plan of rehabilitation "where appropriate." Here, in the investigator's opinion, such a plan apparently was not appropriate. Notwithstanding the investigator's view, considerable testimony was offered at Fink's sentencing hearing— from a number of witnesses—regarding

the question of rehabilitation of Fink. As we later acknowledge, the district court considered rehabilitation in arriving at the sentences imposed in this case. We hold that the presentence investigation report did not violate I.C.R. 32 in so far as a plan of rehabilitation is concerned.

■ We turn next to Fink's claim that the sentences were excessive. A sentence within the statutory maximum will not be disturbed on appeal unless the appellant demonstrates an abuse of discretion. *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979). Abuse of discretion occurs if a sentence imposed is unreasonable, but a sentence is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In this case, Fink could have received a twenty-five-year sentence on the kidnapping conviction, I.C. § 18–4504(2), no more than fifteen years on the aggravated battery charge, I.C. § 18–908, and an additional fifteen years on the enhancement provision, I.C. § 19–2520, for use of a deadly weapon.

■ Fink argues that imposition of the sentences involved amounts to an abuse of discretion because he has no prior criminal record and because he is unlikely to engage in further criminal activity. We disagree. It is evident from the record the trial judge carefully considered the sentencing objectives in imposing the fifteen-year and five-year sentences. The judge believed the sentences were necessary to deter Fink and others like him, and that the objectives of rehabilitation and retribution would be served by the sentences imposed. Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill, supra.* Thus, for the purpose of appellate review, but not as a prediction of parole, we will treat Fink's actual term of confinement in this case as one-third of his sentences totaling twenty years. Thus, the question is whether confinement for at least six years and eight months is reasonable. Considering the brutal character of the crimes committed and the objectives furthered in this case by the fifteen-year and five-year sentences, we do not believe the sentences are unreasonable. Because Fink has failed to demonstrate an abuse of discretion, the sentences are affirmed.