820 P.2d 375

STATE of Idaho, Plaintiff–Respondent,

v.

Wilbur Leroy SABIN, Defendant–Appellant.

No. 18655.

Court of Appeals of Idaho.

Nov. 4, 1991.

Dail, Looze & May of Pocatello for defendant-appellant. Gregory C. May and Brent E. Asay argued.

Larry J. EchoHawk, Atty. Gen. and Jack B. Haycock, Deputy Atty. Gen., argued, for plaintiff-respondent.

SWANSTROM, Judge.

Wilbur Leroy Sabin appeals from his judgment of conviction and sentences for one count of lewd conduct with a minor under the age of sixteen and one count of sexual abuse of a minor under the age of sixteen. I.C. §§ 18–1508, –1506. The issues raised on appeal are: (1) was Sabin's guilty plea to lewd conduct with a minor, voluntary; (2) did the district court err in revoking bail immediately after the two guilty pleas were accepted; (3) did the court err in failing to order a psychological evaluation as part of the presentence investigation; (4) did the court err by refusing to retain jurisdiction over Sabin; and (5) were the sentences excessive? We affirm the judgment of conviction, but vacate the sentences for the reasons stated below.

Sabin was originally charged with three counts of lewd conduct with a minor and one count of sexual abuse of a minor. He pled not guilty. Pursuant to plea negotiations, the state dismissed two of the charges and filed an amended information containing two counts. Count I charged Sabin with lewd conduct with a thirteen year old girl, alleging that between November 1987 and March 1988 Sabin had inserted his fingers in the child's vagina with the intent of arousing, appealing to, and gratifying Sabin's lust and sexual desires. Count II, alleged that Sabin had committed sexual abuse of the same thirteen year old girl between January and October 1987 by fondling the child's breasts.

Consistent with the plea agreement, Sabin pled guilty to both counts. However, when questioned by the court about the facts he would be admitting by his guilty plea to Count I, Sabin denied that he had the intent to arouse or gratify his sexual desire when he committed the acts alleged. Therefore, the judge did not accept the guilty plea to Count I. After a recess, Sabin admitted to the intent element of lewd conduct with a minor. The judge questioned Sabin at length regarding the intent element, then accepted his guilty plea. The court revoked bail posted earlier and remanded Sabin to the custody of the Bannock County Sheriff until the sentencing hearing.

On March 5, 1990, the district court sentenced Sabin to a twenty-five year term with a minimum of five-years incarceration for lewd conduct with a minor, and to a fifteen year term with a minimum of five-years incarceration for sexual abuse of a minor, the sentences to run concurrently. This appeal followed.

## GUILTY PLEA

On the issue of whether the district court erred by accepting Sabin's guilty plea to lewd conduct with a minor, we apply the standard of free review. *State v. Hawkins*, 115 Idaho 719, 769 P.2d 596 (Ct. App.1989) *affirmed on review*, 117 Idaho 285, 787 P.2d 271 (1990). In order for a guilty plea to be upheld, it must be evident from the record or by reasonable inferences from the record that the defendant waived constitutional rights, understood the consequences of the plea and that the plea was voluntary. *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976).

Sabin initially denied the intent element of lewd conduct in Count I, stating that the act was performed merely as a type of sex education, rather than with the intent to gratify his own sexual desires, because the victim had asked him questions about the points of arousal on the female body. The court declined to accept the guilty plea, explaining that the case would proceed to a jury trial. The court then took a ten-minute recess to give defense counsel an opportunity to discuss this turn of events with his client. After the recess, defense counsel told the judge that he and Sabin

had discussed the concerns which Sabin had about admitting the specific intent element of the charge. Defense counsel—who is not the same attorney now representing Sabin—stated that he believed Sabin was prepared to fully admit the allegations of Count I. The judge again stressed to Sabin that he would not accept the guilty plea unless Sabin admitted to all of the elements. The judge added, "[a]nd I don't want you to feel pressured. In other words, I'm not going myself to take your plea of guilty unless it's entirely voluntarily made and of your own free will. Do you understand?" Sabin replied affirmatively. He admitted that he committed the acts alleged in Count I with the intent of arousing, appealing to and gratifying his lust and sexual desires.

Sabin now argues in this appeal that his abrupt change of mind after the recess, resulting in the admission of the intent element, indicates that the plea was not knowingly, voluntarily and intelligently made. Apart from the argument, however, he alleges no other facts indicating that the plea was not voluntarily made. Whether a defendant has had an adequate opportunity to decide either to admit or to deny certain material facts alleged in a criminal charge must be determined on the circumstances shown by the record in a particular case. We are unwilling to adopt a per se rule that the decision cannot be made knowingly, intelligently and voluntarily within the span of ten minutes.

Although Sabin had waived the reading of the information, the judge fully explained both crimes, including the intent element of lewd conduct. The record demonstrates that Sabin made the plea voluntarily, while fully understanding the consequences of such a plea and with the express admission of the intent of the crime. The record also clearly reflects that Sabin waived his constitutional rights to a jury trial, to remain silent, to present defenses to the charges and the right not to incriminate himself. We therefore hold that the district judge did not err by accepting Sabin's guilty plea.

## REVOCATION OF BAIL

We next consider whether the district judge abused his discretion by revoking Sabin's bail after Sabin pled guilty and before sentencing. See I.C.R. 46; I.C. §§ 19–2904, –2905; *State v. Trefren,* 112 Idaho 812, 736 P.2d 864 (Ct.App.1987) (applying abuse of discretion standard to denial of bail pending appeal). Sabin maintains that the withdrawal of bail prior to sentencing amounts to prejudging or presentencing without the benefit of the presentence report. The judge based his decision to revoke the bail on the seriousness of the two charges, the fact that Sabin first denied guilt and intent at his arraignment and then admitted the requisite intent, thereby indicating to the judge some degree of denial, and the judge's "gut feeling" that Sabin might flee, based on his observations. The judge told Sabin that because he would be incarcerated for some period of time, he might as well get started on serving the sentence.

We are not persuaded that the judge abused his discretion by disallowing bail when he accepted Sabin's guilty plea. Idaho Criminal Rule 46 gives this discretionary authority to the court. A judge may at that time decide—without prejudging a defendant—that the seriousness of the crime will require some incarceration. I.C. § 19–2521(1)(c) ("A lesser sentence will depreciate the seriousness of the defendant's crime."). This factor, coupled with the court's concern that Sabin might flee before sentencing, is a sufficient basis for revoking bail. From the record of the proceedings, we cannot conclude that the court was "prejudging" Sabin and would not utilize the presentence report in sentencing. Because, on other grounds, we are remanding for resentencing, we need not discuss this issue more fully.

## PSYCHOLOGICAL EVALUATION

We will consider issues three and four together as they entail essentially whether the district court erred in failing to order a psychological evaluation in aid of sentencing. For purposes of our review under the facts of this case, it is not important wheth-

er the evaluation was to occur as part of the presentence investigation or upon retained jurisdiction. The determination of whether to order a psychological evaluation is within the discretion of the sentencing judge. *See* I.C.R. 32(d); I.C. § 19–2601(4).

The district court ordered a presentence investigation after accepting Sabin's pleas of guilty, but did not specifically order a psychological evaluation. The presentence investigator noted that, in her opinion, a psychological evaluation and counseling were needed. The investigator also stated that without a psychological evaluation and testing, Sabin's prospects for treatment were difficult to determine. Based largely upon a lack of information on Sabin's behavior, the investigator recommended against supervised probation.

Sabin argues that the district judge did not have sufficient information to deny Sabin probation at the time of sentencing. *See* I.C. § 19–2521. Sabin's counsel also asserts that the judge should have retained jurisdiction over Sabin to acquire the needed information. In response, the state argues that Sabin never objected specifically to the lack of a psychological evaluation in the presentence report. Secondly, the state argues that the judge did have adequate information to sentence Sabin.

■ Sabin's counsel objected to the revocation of bail because it would be difficult for Sabin to undergo psychological evaluation and counseling while in the custody of the Bannock County Sheriff. Sabin's counsel pointed out that Sabin had been taking steps to obtain an evaluation and had actually started counseling. Later at sentencing, Sabin's counsel referred to the lack of a psychological evaluation as support for his argument that the judge should retain jurisdiction over Sabin, in order to assess his rehabilitative potential. A reasonable construction of these facts indicates that Sabin's counsel was dissatisfied with the presentence report because it lacked a psychological evaluation. However, because it was obvious that the court intended to require some period of incarceration, Sabin's counsel urged the court to retain jurisdiction so that the court would have the bene-

fit of the report and evaluation which the retained jurisdiction program provides. The issue of whether the judge abused his discretion by failing to obtain any psychological evaluation was preserved for appeal. *State v. Anderson,* 103 Idaho 622, 651 P.2d 556 (Ct.App.1982). We note that the purpose of retained jurisdiction, pursuant to I.C. § 19–2601(4), is to evaluate a defendant's potential for rehabilitation while the defendant remains incarcerated for a period of four to six months. *See State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978).

■ Sabin likens this case to *State v. French,* 95 Idaho 853, 522 P.2d 61 (1974). In *French,* our Supreme Court ruled that under the facts presented, an adequate psychological evaluation and schedule of rehabilitation alternatives was an essential element of the presentence investigation in order for the sentencing court to properly exercise its discretion. The Court in *French* identified the mental health portion of the presentence report as "sketchy and unskilled." *Id.* at 854, 522 P.2d at 62. The Court stated that the case "begs for a psychological evaluation" because the defendant was a family man, without a prior criminal record, a dependable worker and one who committed a forcible rape without any explanation. *Id.* at 855, 522 P.2d at 63. *But cf. State v. Mansfield,* 97 Idaho 138, 540 P.2d 800 (1975); *State v. Beebe,* 113 Idaho 977, 751 P.2d 673 (Ct.App.1988).

Sabin, like the defendant in *French,* had a solid work history, was a family man, helped support the family and had no prior criminal record, other than a minor traffic violation. Sabin was fifty-four years old at the time of sentencing. There was not a long history of sexual abuse, but Sabin did admit that during the previous two years he had sexually abused his two stepdaughters and had touched three other girls on their breasts, buttocks and/or legs while they were clothed. Based on the specific facts of this case, we think that Sabin's situation is sufficiently like the defendant's in *French.* We conclude that the judge erred by not ordering a psychological evaluation as part of the presentence investiga-

tion or through retained jurisdiction. We wish to emphasize, however, that a psychological evaluation is not required in every case where the court orders a presentence investigation. *State v. Whitman,* 96 Idaho 489, 531 P.2d 579 (1975); *State v. Anderson, supra.*

In explaining his decision to refuse retained jurisdiction, the district judge stated that the admission of a problem is the first step towards rehabilitation. The judge mentioned that he felt Sabin evidenced denial by his reluctance to admit the intent element of lewd conduct and then by maintaining the "sex education" explanation for the improper behavior. However, at the sentencing hearing Sabin stated:

> I feel that what I did was wrong and I am willing to accept the responsibility of the fact that I broke the law, and I feel I was the one that was wrong, not somebody else, I am not laying the blame to anybody else but myself.

Although the district judge correctly indicated that evidence of denial may be considered in determining a defendant's potential for rehabilitation, the record here does not support the conclusion that Sabin was in a complete state of denial. Furthermore, we note that this was not an appropriate case to curtail the possibility of rehabilitation based upon such slight evidence of denial. *See State v. Nooner,* 114 Idaho 654, 759 P.2d 945 (Ct.App.1988); *Stedtfeld v. State,* 114 Idaho 273, 755 P.2d 1311 (Ct.App.1988); *State v. Lawrence,* 112 Idaho 149, 730 P.2d 1069 (Ct.App.1986).

We agree with Sabin that the presentence report inadequately addressed the possibility of probation and rehabilitative alternatives. Although the report recommended certain conditions should supervised probation be imposed, the investigator admittedly could not adequately assess the probation alternative *in this case* without psychological evaluation and testing. As the presentence investigation report stated:

> It is this investigator's opinion that a psychological evaluation and counseling are needed.
>
> . . . .
>
> Without the results of a psychological evaluation and additional testing, it is difficult to determine Mr. Sabin's ability to complete and comply with treatment and on what basis treatment is needed. I do not feel that Mr. Sabin would make a suitable candidate for supervised probation at this time because not enough information is known about his behaviors. Also, due to the seriousness of the offenses, the possible effects the offenses will have on all victims involved, and to insure that this does not occur again, it is felt that incarceration is a viable sentencing alternative at this time.

Accordingly, the report failed to adequately address Sabin's psychological condition.[1] Even so, we may not have set aside the sentencing solely on these grounds. Here, the judge concluded when he accepted the guilty pleas that the crimes were serious enough to require some incarceration. The deficiencies of the presentence report might have been overcome if the judge had retained jurisdiction after initially sentencing Sabin, so that the judge would have had a more comprehensive report and a psychological evaluation by the Department of Corrections before he finally ruled out the possibility of probation or finally determined the appropriate length of sentence. Because that was not done in this case, we conclude that the sentences must be set aside, and the case be remanded for resentencing.

In conclusion, we affirm the district court's acceptance of the guilty plea.

---

1. I.C.R. 32(b)(10) states in pertinent part:

(b) . . . However, whenever a full presentence report is ordered, it shall contain the following elements:

. . . . .

(10) The presentence investigator's analysis of the defendant's condition. The analysis of the defendant's condition contained in the presentence report should include a complete summary of the presentence investigator's view of the psychological factors surrounding the commission of the crime or regarding the defendant individually which the investigator discovers. Where appropriate, the analysis should also include a specific recommendation regarding a psychological examination and a plan of rehabilitation.

However, we vacate the sentences imposed and remand the case, directing the court to obtain a psychological evaluation and any additional information which the court deems appropriate for the purposes of re-sentencing. In light of our decision, we need not rule on the issue of whether the sentences are excessive.

WALTERS, C.J., and SILAK, J., concur.