828 P.2d 908

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Craig R. KINGSTON, Defendant–Appellant.**

**Nos. 18979, 19199.**

Court of Appeals of Idaho.

April 2, 1992.

Van G. Bishop, of Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Joel D. Horton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

A grand jury indicted Craig Kingston on two counts of lewd and lascivious conduct with his fourteen year-old daughter. Kingston pled guilty to one count of the charge under a plea agreement in which the state agreed to dismiss the second count and agreed not to oppose Kingston's request for a 120–day period of retained jurisdiction upon any sentence imposed. At the sentencing hearing, the district court refused to retain jurisdiction and imposed a unified sentence of fifteen years' imprisonment with a minimum period of confinement of four years. The district court later denied Kingston's motion under I.C.R. 35 requesting a reduction of his sentence. Kingston appeals from the judgment and conviction arguing that the district court erred by not informing him of its decision to reject the terms of the plea agreement before it pronounced sentence and by not allowing him to withdraw his plea. Kingston further submits that the district court erred by imposing an excessive sentence. In addition, Kingston contends that the court committed reversible error by refusing him the right of allocution at the sentencing hearing. Kingston also appeals from the denial of his Rule 35 motion.[1] For the reasons stated below, we affirm.

---

1. By order of the Supreme Court, the appeals from the judgment of conviction and from the denial of relief under I.C.R. 35 were consolidated for review in a single proceeding.

We turn first to the question whether the district court erred by not giving Kingston the opportunity to withdraw his plea when it determined that it would not be bound by the plea agreement. Idaho Criminal Rule 11(d)(2) requires the disclosure of any plea agreement and, together with I.C.R. 11(d)(3) and (4), limits the defendant's right to withdraw the plea depending on the type of plea entered:

> Notice of Such Agreement. If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court ... at the time the plea is offered. If the agreement is of the type specified in subdivision (d)(1)(A), (C) or (D), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (d)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.

I.C.R. 11(d)(2). Idaho Criminal Rule 11(d)(1) contemplates that a defendant may agree to plead guilty to a charged offense or to a lesser included offense in exchange for the prosecutor's agreement to do any of the following:

> (A) move for dismissal of other charges; or
>
> (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
>
> (C) agree that a specific sentence is the appropriate disposition of the case; or
>
> (D) agree to any other disposition of the case.

I.C.R. 11(d)(1). If the plea agreement falls under I.C.R. 11(d)(1)(A), (C) or (D), the district court must advise the defendant whether it accepts or rejects the agreement. If the court rejects the agreement, it must advise the defendant of this in open court and allow the defendant the opportunity to withdraw the plea. On the other hand, if the plea agreement falls under Rule 11(d)(1)(B), the district court has no duty to inform the defendant whether it accepts or rejects the plea and is in no way bound by the sentencing recommendation.

The resolution of the issue in this case depends on the characterization of the plea agreement under I.C.R. 11(d)(1). Under the plea agreement, the prosecuting attorney agreed to dismiss one count of lewd and lascivious conduct and not to contest Kingston's request for a period of retained jurisdiction of 120 days. During the change of plea hearing, the district court advised the defendant that it was not bound by the sentencing recommendation. The district court stated that it would request a presentence investigation report which it would consider together with the attorneys' recommendations in reaching its own decision regarding the sentence.

The district court's comments at the change of plea hearing indicate that it considered the portion of the plea agreement regarding the retained jurisdiction to be non-binding. Moreover, a review of the record shows that Kingston understood the prosecutor's recommendation was not binding on the court. Because the plea agreement was non-binding, and was of the type specified under I.C.R. 11(d)(1)(B), the court was not required to advise Kingston that it rejected the agreement or to offer him the opportunity to withdraw his plea. We conclude that Kingston's assignment of error on this basis is ill-founded.[2]

We turn next to the question whether the trial court erred by imposing an

---

**2.** The state has raised the issue whether the district court violated I.C.R. 11(d)(2) by failing to advise Kingston that he had no right to withdraw his plea if the court refused to follow the attorneys' recommendations on sentencing. Kingston did not raise this issue on appeal. The state argues that even if a Rule 11 violation occurred, it was only technical and was harmless error. Under *State v. Mauro,* 121 Idaho 178, 824 P.2d 109 (1991), the state's analysis is correct. *Mauro* held that a violation of I.C.R. 11(d)(2) is not fundamental error which would allow the issue to be raised for the first time on appeal.

alleged excessive sentence. The statutory maximum punishment for lewd conduct with a minor is life imprisonment. I.C. § 18–1508. Kingston's sentence of fifteen years' imprisonment with a four-year minimum period of confinement is within the statutory maximum. Because Kingston's sentence is within the statutory maximum, we will uphold it on appeal unless the record establishes that the sentencing court abused its discretion. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

■ Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *Nice,* 103 Idaho at 90, 645 P.2d at 324. A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Kingston's actual term of confinement as four years. Kingston must establish that under any reasonable view of the facts a period of confinement of four years for lewd conduct with a minor was an abuse of discretion.

■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The nature of the offense in this case was alleged generally as manual-genital contact, or masturbation of the child by the defendant. In examining the character of the offender, the district court noted that Kingston did not have an extensive prior criminal record, but further noted that Kingston had engaged in sexual abuse of his daughter over a long period of time. The court noted that even though Kingston professed revulsion at his own acts, and admitted to having had deviant sexual fantasies from the time he was a child, he never sought counseling. The record indicates that even after Kingston had been charged and pled guilty to the instant offense, he missed several appointments with a sexual abuse counselor and claimed that he had been unable to save enough money to pay for a sex abuse treatment program. Based on these facts, the district court observed that Kingston's desire for counseling did not appear to be sincere but merely an attempt to appease the court.

In examining the nature of the offense, the district court noted that the abuse was extremely harmful and would cause lasting damage to Kingston's daughter. The abuse was compounded by the fact that the daughter had been made to feel that she was to be blamed for it. Based on the victim's statement in the presentence investigation report and on Kingston's version of the events, the court noted Kingston's tendency to minimize his own responsibility for the crime and characterize his daughter as the sexual aggressor.

The district court's sentencing comments reflect a concern that society be protected from Kingston. Even though there was no evidence that Kingston was a predatory pedophile, the district court expressed concern that Kingston preyed on his own daughter simply because she was the most convenient victim and noted that Kingston could abuse another child if given the opportunity. The district court stated that a sentence less than imprisonment would depreciate the gravity of the crime, and that imprisonment would serve as an appropriate punishment and deterrent to the defendant and others. Based on these factors, we conclude that the district court appro-

priately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentence is reasonable.

■ Kingston timely filed a motion under I.C.R. 35 for reduction of his sentence, in which he requested the court to reduce his sentence. Following a hearing, the district court denied the motion. Kingston appeals from this order.

The decision whether to reduce a sentence rests within the sound discretion of the trial court. *State v. Arambula,* 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Swan,* 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988). A Rule 35 motion is essentially a plea for leniency which may be granted if the sentence imposed was unduly severe. *See State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App. 1987).

In determining whether the district court abused its discretion in denying a Rule 35 motion, this court applies the same criteria used for reviewing the reasonableness of the original sentence. *State v. Clayton,* 112 Idaho 1110, 739 P.2d 409 (Ct.App.1987). The burden of showing that the original sentence was unduly severe is upon the moving party. *State v. Wright,* 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct.App.1988). If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion. *Forde,* 113 Idaho at 22, 740 P.2d at 64. Kingston has presented us with no convincing evidence that his sentence was excessive when it was pronounced and he has presented no new evidence that it is excessive. As noted above, Kingston's sentence was reasonable when imposed. The arguments made on his Rule 35 motion are not persuasive that the sentence should have been reduced. We hold that the district court did not abuse its discretion in denying Kingston's motion for reduction of his sentence.

■ We turn finally to the issue whether the district court committed reversible error by denying Kingston his right to address the court before being sentenced as provided by I.C.R. 33(a)(1), which states in pertinent part:

Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally to ask him if he wishes to make a statement on his own behalf and to present any information in mitigation of punishment.

A defendant's right to be heard before sentencing, known at common law as the right of allocution, has a time-honored place in the jurisprudence of most American states; Rule 33 safeguards this right in Idaho. *State v. Goldman,* 107 Idaho 209, 211, 687 P.2d 599, 601 (Ct.App.1984); *see also State v. Goodrich,* 97 Idaho 472, 479, 546 P.2d 1180, 1187 (1976). When a right of allocution has been denied, the appellate court must remand the case and direct the lower court to resentence after the defendant has been given the right to speak. *See Goodrich,* 97 Idaho at 479, 546 P.2d at 1187.

In the present case, a remand is unwarranted. Our review of the record indicates that Kingston was given an opportunity to address the court prior to sentencing. Kingston made a short statement to the court indicating his willingness to abide by the court's instructions and his desire to obtain counseling. There is no indication that Kingston's opportunity to speak was limited in any manner. Kingston's claim is actually based on the court's refusal to allow him to speak during sentencing. Kingston disagreed with the court's conclusion that he blamed his daughter for his crime. He also disagreed with the court's conclusion that he had not sought counseling promptly. The right of allocution does not give the defendant the right to argue with the court during the pronouncement of the sentence. The right of allocution is the right to make a statement *before* the court pronounces sentence. I.C.R. 33(a)(1). In light of the facts in the record, it is evident that the district court allowed

Kingston to address the court before he was sentenced. The court's refusal to permit Kingston to interrupt the pronouncement of sentence was not a denial of Kingston's right of allocution.

The judgment of conviction and sentence, and the order denying the Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.