864 P.2d 170

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Howard Harold WOLFE, Defendant–Appellant.**

No. 20471.

Court of Appeals of Idaho.

Oct. 19, 1993.

Petition for Review Denied Dec. 14, 1993.

conduct with a minor under sixteen. I.C. § 18–1508. On each count, he received a sentence consisting of a determinate term of confinement of ten years, to be followed by an indeterminate term of twenty years. He also pled guilty to one count of misdemeanor injury to a child, for which he received a six-month determinate term of confinement. I.C. § 18–1501(1). His sentences were to run concurrently. On appeal, he asserts that the district court erred because it did not order a psychological evaluation before imposing sentence, refused to retain jurisdiction and imposed excessive sentences on the lewd conduct convictions. We affirm.

### Facts and Procedural Background

When Wolfe pled guilty, he admitted having manual-genital contact and intercourse with his stepdaughter when she was fifteen, with the intent to gratify his and/or her sexual desires. Several other counts alleging sexual acts with his stepdaughter were dismissed in return for his plea. His guilty plea to injury to a child was entered in response to the charge that he had intercourse with his stepdaughter while his biological daughter, who was then eight or nine years old, was in the same bed. Evidence established that the girls shared the same bedroom and queen-size bed.

Testimony received at sentencing revealed a pattern of frequent sexual misconduct with his stepdaughter when she was between the ages of fifteen and nineteen. The stepdaughter testified that Wolfe's attentions started with rubbing, then graduated to intercourse in early 1987 when she was fifteen. As time passed, Wolfe would have intercourse with her several times a week, took her to motels, and referred to her as "my private lover." He also bought birth control devices for her during late night trips to a local convenience store, where he would engage the clerk in conversation until the other customers left, and then purchase the items for "the little woman." In February 1990, Wolfe moved his biological daughter into his wife's bedroom, and he moved into his stepdaughter's

Alan E. Trimming, Ada County Public Defender, Deborah A. Whipple, Deputy, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Based on a plea bargain, Howard Harold Wolfe pled guilty to two counts of lewd

room and shared her bed nightly. Purportedly, this was to prevent his biological daughter from running away. This living arrangement continued for approximately ten months until November 1990. Early in 1991, the stepdaughter moved out and soon married. She testified that she came forward with her charges after learning that Wolfe was starting to touch his biological daughter the same way he had with her (the stepdaughter).

Information presented to the district court at sentencing indicated that Wolfe has had a severe problem with alcohol for many years. He stated that because of his alcoholism, he could not remember having intercourse with his stepdaughter, but he was pleading guilty because he did not believe she would lie about it. He asserted that if he abused her, it must have been during blackouts caused by alcohol.

At sentencing, Wolfe stated that he was prepared to face a term of incarceration, but asked the court to retain jurisdiction so that he could receive alcohol and sex offender treatment and possibly probation. The court determined that retained jurisdiction or probation would not be appropriate, and ordered Wolfe incarcerated.

### Failure to Order a Psychological Evaluation

Wolfe's first issue on appeal is that the court erred when it sentenced him to incarceration without the benefit of a psychological evaluation.

Idaho Criminal Rule 32, which provides the standards and procedures governing presentence investigations and reports, states that psychological evaluations may be recommended by the presentence investigator. However, the decision whether to order a psychological evaluation is to be made by the sentencing judge. I.C.R. 32(d); *State v. Puente–Gomez*, 121 Idaho 702, 705, 827 P.2d 715, 718 (Ct.App.1992). Thus, whether to order an evaluation is left to the court's discretion. *Puente–Gomez, supra.* A psychological evaluation is not required in every case where the court orders a presentence report. *State v.*

*Anderson,* 103 Idaho 622, 624, 651 P.2d 556, 558 (Ct.App.1982); *State v. Whitman,* 96 Idaho 489, 531 P.2d 579 (1975). Where no objection has been made to a presentence report at a sentencing hearing, and the report substantially addresses the points required by court rule, we will not review a challenge to the report raised on appeal. *Anderson,* at 624, 651 P.2d at 558; *State v. Toohill,* 103 Idaho 565, 566, 650 P.2d 707, 708 (Ct.App.1982); *State v. Thacker,* 98 Idaho 369, 564 P.2d 1278 (1977). There is an exception to this rule, however. If there is shown a manifest disregard for the provisions of I.C.R. 32, the question concerning the presentence report may be reviewed on appeal even if no objection was made below. *Toohill,* 103 Idaho at 566, 650 P.2d at 708.

Here, a presentence investigation report was completed. The investigator recommended incarceration and treatment for alcoholism and sexual deviancy. Wolfe presented corrections to the report, addressing the types of charges listed, factual allegations concerning his conduct, statements of witnesses, his alcohol problem and the status of his discharge from the Army. Commenting to the court, counsel for Wolfe stated that Wolfe was prepared to accept any sentence up to the maximum prescribed by law which the court could, in its discretion, impose. Wolfe's attorney then asked the court to consider a period of retained jurisdiction. No objection was made to the lack of a psychological evaluation, and Wolfe did not request such an evaluation.

Wolfe argues on appeal, however, that the lack of a psychological evaluation deprived the court of sufficient information for making an accurate sentencing decision. He relies on *State v. Sabin,* 120 Idaho 780, 820 P.2d 375 (Ct.App.1991), a case in which we found a presentence report to be inadequate because it did not contain a psychological evaluation. In *Sabin,* the defendant pled guilty to lewd conduct and sexual abuse of a minor girl. The district court ordered a presentence investigation, but did not order a psychological evaluation. The presentence investigator

felt, however, that a psychological evaluation and counseling were needed, and that without an evaluation, Sabin's prospects for treatment were difficult to determine. Based largely on the lack of information on Sabin's behavior, the investigator recommended against supervised probation. At sentencing, Sabin's counsel objected to the lack of a psychological evaluation, and argued that the deficiency supported his view that the court should retain jurisdiction to assess Sabin's rehabilitative potential. We held that the court erred when it failed to order a psychological evaluation because the presentence report inadequately addressed the possibility of probation and rehabilitative alternatives, and the "investigator admittedly could not adequately assess the probation alternative *in this case* without a psychological evaluation...." (Emphasis in original.) We vacated the sentences and remanded the case, directing the court to obtain the evaluation.

We find *Sabin* to be inapposite. Here, Wolfe did not request a psychological evaluation or object on the ground that one had not been performed. The presentence investigator did not express concern over the lack of an evaluation, and thoroughly discussed her sentencing and treatment recommendations. Both the presentence investigator and the court were negatively impressed with how long Wolfe had been abusing his stepdaughter, and the level of deceit involved. Both noted that Wolfe had moved into his stepdaughter's bedroom and shared her bed for nearly a year. Both concluded that a long period of confinement was necessary to deal with such behavior. Wolfe did not object to any of these observations. He has failed to show that the court manifestly disregarded the provisions of I.C.R. 32. Therefore, we find no error. *See Anderson*, 103 Idaho at 624, 651 P.2d at 558.

### Failure to Retain Jurisdiction

█ Wolfe also argues that the court erred by not retaining jurisdiction to evaluate whether controlling his alcohol consumption would effect his ability to be rehabilitated. He asserts that without observing him during a period of retained jurisdiction, the court lacked sufficient information to determine whether probation was appropriate.

█ Retaining jurisdiction allows the court to extend the time in which it can evaluate a defendant's suitability for probation. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct.App.1992); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Whether to retain jurisdiction is a question left to the court's discretion. I.C. § 19-2601(4); *Hernandez, supra; Toohill, supra.* When a court has sufficient information at the time of sentencing to deny probation, its refusal to retain jurisdiction for further evaluation of the defendant is not an abuse of discretion. *Hernandez, supra; State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct.App.1988).

Wolfe claims that alcoholism was the primary cause of his lewd conduct and it is clear that Wolfe has a severe alcohol problem that effects his behavior. The district court observed, however, that its case load includes many offenders with severe alcohol problems who do not abuse their children. The district court could have retained jurisdiction for up to six months. I.C. § 19-2601(4). The court opined that Wolfe's high level of self-deceit, his alcohol dependence and his pattern of sexual misconduct made it unlikely that this period could provide enough time to significantly address Wolfe's problems. Based on Wolfe's denials, the court was left with a "strong suspicion" that Wolfe was unwilling to face the consequences of his actions. The unwillingness indicated "a problem of such significant difficulty" that his ability to address it in counselling was "sharply limited."

Skeptical of Wolfe's rehabilitative potential, the court expressed a great need to deter him, such as through incarceration. When reaching this conclusion, the court had the benefit of Wolfe's admissions, the testimony of the victims, the presentence report, and an evaluation provided by The Nelson Institute (a private, alcohol abuse treatment organization) addressing Wolfe's substance abuse history and the institute's treatment recommendations. The court observed that Wolfe's attempts to cloak his

activities with his stepdaughter in an air of propriety indicated a devious personality and a serious risk to reoffend, especially against his daughters. The court concluded that "the presentence investigator's recommendation of an extensive period of incarceration [is] warranted in this case." The record indicates that the court had sufficient information at the time of sentencing to deny probation and to refuse to retain jurisdiction. We find no abuse of discretion.

### Sentence

■ Finally, Wolfe argues that his concurrent, thirty-year unified sentences for lewd conduct are unreasonable. The statutory maximum punishment for lewd conduct with a minor is life imprisonment. I.C. § 18–1508. Wolfe's sentences do not exceed the statutory maximums. Therefore, they will be upheld on appeal unless they are shown to be unreasonable considering the facts of the case, and an abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 143–45, 814 P.2d 401, 403–05 (1991), *overruled on other grounds, State v. Brown,* 121 Idaho 385, 394, 825 P.2d 482, 491 (1992); *State v. Kingston,* 121 Idaho 879, 882, 828 P.2d 908, 911 (Ct.App.1992). A sentence of confinement is reasonable if it appears at the time that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution. *Kingston,* 121 Idaho at 882, 828 P.2d at 911; *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

■ When reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *Kingston,* 121 Idaho at 882, 828 P.2d at 911; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Wolfe's probable term of confinement as ten years. Wolfe must establish that under any reasonable view of the facts a ten-year period of confinement is an abuse of discretion. In deference to the discretionary authority of the sentencing court, we will not substitute our view for that of the sentencing court where reasonable minds might differ.

*Toohill,* 103 Idaho at 568, 650 P.2d at 710. However, when reviewing a sentence, we conduct an independent examination of the record, focusing on the nature of the offense and the character of the offender. *Kingston,* 121 Idaho at 882, 828 P.2d at 911; *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

Wolfe's offenses showed a great breach of trust and a desire to take advantage of those who could not resist. Although his daughters did not sustain lasting physical injuries, their emotional trauma may stay with them forever. Examining the nature of the offender, we note that the charges were a small part of a larger pattern of frequent sexual misconduct, which continued for years. As the district court pointed out, Wolfe's life became centered around abusing his stepdaughter, to the point that he moved into her bedroom and shared her bed. There is no indication that Wolfe tried to curtail his actions. Instead, once his stepdaughter became unavailable, he began to turn his attentions to his biological daughter.

The district court concluded that Wolfe knew what he was doing during the time he was abusing his stepdaughter, and tried to make it appear reasonable. For instance, he commented that he did not think sharing his stepdaughter's bed for nearly a year was wrong because his wife did not object and his stepdaughter was nineteen at the time. However, he also claimed that the misconduct did not occur. Alternatively, he argued that if it did occur, it was caused by his alcoholism and he could not remember it. The district court stated:

> I think it's logical that probably based on this report that it might well be that a blackout has affected some of his ability to recall, but what troubles me is looking at this, even if he were to claim this was going on all the time, he moves into his daughter's room, has sexual activity, [which] even by his own admission, is occurring several times a week.

It's, by other accounts, occurring with even greater frequency. He goes to the store and buys birth control devices … while engaging in a coherent conversation with the clerk in which deceit is heavily engaged in, because there is co-

herent conversation about purchasing birth control items, and then he talks about using it for "the little woman," in other words, using it in [a] legitimate relationship.

That indicates to me a deep, deep level of deceit going on, and even if it were to say these occurred during alcoholic states of some type, clearly what's going on is he knows what he is doing is illegal, because he is engaging his reason and his powers, mental powers to hide from the court any improper motive, so that indicates that certainly his reasoning power is still in play, and he knows what he is doing is wrong.

And I will say that when somebody makes a choice year after year, ... week after week ... to do that which they know to be wrong and they know to be illegal and they know to carry heavy consequences, then the law does have to regard that as a person who presents a serious risk of reoffense to commit the same kind of offense again and represents a serious offender.

Wolfe's stepdaughter previously had been sexually abused as a young child by her biological father. At that time, Wolfe asserted that he would protect her from such things in the future. The district court expressed great concern that Wolfe had later engaged in the same activities, breaching all confidence and trust placed in him.

From the information presented, we conclude that the district court adequately addressed the appropriate sentencing goals when it imposed Wolfe's sentences. He has failed to establish that his sentences are unreasonable. Therefore, we find no abuse of discretion.

### Conclusion

Having found that Wolfe's assignments of error are without merit, we affirm the judgments of conviction and sentences.

LANSING, and PERRY, JJ., concur.