47 P.3d 778

**STATE of Idaho,**

v.

**Jerry Lee ADAMS.**

No. 27555.

Court of Appeals of Idaho.

April 12, 2002.

Rehearing Denied May 15, 2002.

---

Molly J. Huskey, Interim State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Jerry Lee Adams appeals from his judgment of conviction and sentence for trafficking in methamphetamine by manufacturing.

Adams also appeals from the district court's denial of his I.C.R. 35 motion for reduction of sentence. We affirm.

## I.

## BACKGROUND

Adams' ex-wife called police to report that she believed Adams was manufacturing methamphetamine in his home. The ex-wife called police after her daughter returned from a visit with Adams complaining of headaches and feeling sick. Adams' young daughter stated that while visiting Adams, he would cook things on the stove and take them back to his bedroom. Adams' brother-in-law informed police that he had recently been to Adams' house and seen what appeared to be equipment for manufacturing drugs. Police obtained a search warrant for Adams' home.

While executing the search warrant, police found components of a methamphetamine laboratory. Adams admitted to attempting to manufacture methamphetamine and was charged with trafficking in methamphetamine by manufacturing. I.C. § 37–2732B(a)(3). After posting bond, Adams fled the jurisdiction and was arrested nearly a year later in San Diego.

A jury found Adams guilty of the trafficking charge and a presentence investigation report was ordered by the district court. Adams declined to fill out his presentence questionnaire, informing the presentence investigator that he did not have any positive information to provide. The district court sentenced Adams to a unified term of twenty years, with a fixed period of confinement of eight years. Adams thereafter filed a Rule 35 motion, which the district court denied. Adams appeals.

## II.

## ANALYSIS

Adams first argues that the district court demonstrated manifest disregard for I.C.R. 32 when it failed to sua sponte order a psychological evaluation. We note that neither defense counsel nor the presentence investigator requested or recommended that a psy-chological evaluation be completed. Furthermore, counsel for Adams did not object at sentencing to the lack of a psychological evaluation.

With respect to Adams' claim that the district court should have sua sponte ordered a psychological evaluation to determine his amenability to rehabilitation, we reiterate that the final determination of whether to obtain such an evaluation lies within the sentencing court's discretion. *See* I.C. § 19–2522(1); I.C.R. 32(d); *State v. Wolfe,* 124 Idaho 724, 726–27, 864 P.2d 170, 172–73 (Ct.App.1993). Pursuant to I.C. § 19–2522(1), if "there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant." Where the defendant fails to request a psychological evaluation or object to the PSI on the ground that an evaluation has not been performed, the defendant must demonstrate that by failing to order a psychological evaluation the court "manifestly disregarded the provisions of I.C.R. 32." *Wolfe,* 124 Idaho at 727, 864 P.2d at 173. In those instances where either this Court or our Supreme Court has found error in the district court's failure to order a psychological evaluation, we have relied upon information omitted from or contained within a PSI to identify the need for a psychological evaluation. *See State v. French,* 95 Idaho 853, 522 P.2d 61 (1974); *State v. McFarland,* 125 Idaho 876, 876 P.2d 158 (Ct.App.1994); *State v. Sabin,* 120 Idaho 780, 820 P.2d 375 (Ct.App.1991).

Adams points out that letters from his mother and sister were attached to the presentence report, and indicated that Adams had a long history of mental illness. The state counters that the letters did not constitute evidence that Adams suffered from a serious mental illness. The state also contends that even if the letters were sufficient evidence of Adams' mental illness, counsel for Adams has failed to demonstrate that Adams' mental condition would present "a significant factor at sentencing." The letter

from Adams' mother indicated that she believed her son had many mental and emotional problems, was an alcoholic, had extreme mood swings, and had a history of suicide attempts dating back to his teenage years. This letter also stated that Adams' had received mental health treatment in the past, but always discontinued treatment and refused to take any prescribed medications. Adams' sister also submitted a letter, which also stated that her brother had been suicidal since his teenage years, that he had serious mental problems, that he may be psychotic, and that he had been on medication for manic depression. Notably, Adams' ex-wife testified at the sentencing hearing and was never questioned regarding his mental condition, nor did she offer any testimony that he had a mental condition. The record also does not reveal any actions by Adams that would indicate he had a mental condition. We conclude that the letters do not constitute substantial evidence of mental illness, but rather are the lay opinions of two close relatives. Thus, we hold that such letters expressing the personal view of family members, standing alone, are insufficient to demonstrate that a mental condition will be a significant factor at sentencing. Therefore, the district court had no duty to sua sponte order a psychological evaluation pursuant to I.C. § 19–2522.

■ Adams also contends that the presentence report failed to comply with the requirements of I.C.R. 32(b) and that the district court demonstrated manifest disregard for I.C.R. 32 when it sentenced Adams based on such a presentence report. In this case, any failure to meet all of the requirements of I.C.R. 32 was the result of Adams' refusal to cooperate in the preparation of the report. Adams refused to fill out the presentence questionnaire, which would have been the source for most of the information he now claims is lacking from the presentence report. After refusing to participate, he cannot now claim that the deficiencies in the report precluded the trial court from sentencing him. See State v. Bylama, 103 Idaho 472, 473, 649 P.2d 1228, 1229 (Ct.App.1982). Accordingly, we conclude that there was no manifest disregard of I.C.R. 32 by the district court.

■ Adams next argues that the district court erred by pronouncing an excessive sentence. Adams contends that the district court failed to properly consider his strong family support from his mother and sister or his methamphetamine addiction and potential for rehabilitation. Adams also asserts that the district court did not adequately consider that this offense was Adams' first felony conviction. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. State v. Burdett, 134 Idaho 271, 1 P.3d 299 (Ct.App.2000); State v. Sanchez, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989); State v. Reinke, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); State v. Toohill, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The crime of which Adams was found guilty carries a mandatory minimum term of imprisonment of five years. I.C. § 37–2732B(a)(3). The maximum penalty is life imprisonment. Id. The district court sentenced Adams to a minimum term of eight years, with a maximum term of twenty years. Having reviewed the record in this case, we conclude that the Adams' sentence was not excessive.

■ Finally, Adams asserts that the district court erred when it denied his Rule 35 motion. Initially, we note that an order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. See State v. Hernandez, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); State v. Lopez, 106 Idaho 447, 680 P.2d 869 (Ct.App. 1984); State v. Toohill, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction. Hernandez, 121 Idaho at 117, 822 P.2d at 1014. Adams did not present any additional information with the motion. Having found the sentence reasonable as pronounced, we conclude that the district court did not err in denying Adams' Rule 35 motion.

Adams has failed to show that the district court manifestly disregarded I.C.R. 32 when it failed to sua sponte order a psychological evaluation. Because Adams refused to fill out the presentence questionnaire, he is precluded from asserting that his presentence report was insufficient under I.C.R. 32(b). We also find no error in the district court's sentence or its denial of Adams' Rule 35 motion. Therefore, Adams' judgment of conviction and sentence and the district court's denial of the Rule 35 motion are affirmed.

Judge LANSING and Judge GUTIERREZ, concur.