949 P.2d 1065

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Chad Christopher TONEY,
Defendant–Appellant.**

No. 23430.

Court of Appeals of Idaho.

Nov. 7, 1997.

Rehearing Denied Jan. 9, 1998.

Vernon K. Smith, Boise, for defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

PERRY, Judge.

Chad Christopher Toney appeals from his judgment of conviction and sentence entered upon his guilty plea to accessory to murder. I.C. § 18–205. Toney asserts that the district court imposed an excessive and unreasonable sentence and that the sentence constituted cruel and unusual punishment. We affirm.

## I.

### FACTS AND PROCEDURE

In May 1995, Toney and several others were staying in a cabin in the Paddy Flats area of Valley County. Jeffrey Towers was with the group. On the night of May 24 Toney, Towers and three other men proceeded out into the night with the intention to burglarize other cabins in the area. Several

of the men, including Toney, carried a gun. Towers did not have a gun. The group was walking through the woods when one of the men produced a dog collar and instructed Towers to put it on, which he did. Towers' hands were then bound behind his back. Towers was beaten, humiliated and then thrown into a creek. While Towers was in the water, one man fired shots around Towers' feet. Towers appeared to be cold, and one man instructed another to bring Towers out of the water. While the men discussed what to do next, one man placed a handgun against Towers' head and fired. The man who shot Towers in the head then shot Towers again while Towers was on the ground. Each man, including Toney, then took turns firing shots into Towers' dead body. The group left Towers' body, returned to the cabin and went to sleep. The following day, the men returned to the scene, placed Towers' body in a shallow grave and burned the body. Subsequently, Toney returned to Boise and did not tell the authorities or anyone else about the murder.

Months later, Toney was arrested and charged with first degree murder. I.C. §§ 18–4001, –4002, –4003. Pursuant to a plea agreement, Toney pled guilty to accessory to murder. After an extensive sentencing hearing, Toney was sentenced to the maximum penalty for accessory to murder—a five-year fixed term of imprisonment. Toney filed an I.C.R. 35 motion for reduction of sentence, which the district court denied. Toney appeals.

## II.

## DISCUSSION

Toney contends that the sentence imposed by the district court was excessive and unreasonable. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable

upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

Toney contends that he was a passive onlooker and did not actively participate in the brutal murder of Towers. Toney alleges that he was scared of the primary perpetrators and feared that they would kill Toney if he attempted to stop them. Toney asserts that he remained fearful after the murder, which is why he failed to report the murder to the authorities.

The district court considered the presentence investigation (PSI) report, the testimony at the sentencing hearing and the goals of sentencing and determined that Toney should be sentenced to a fixed five-year term. The district court noted that, considering the serious and heinous nature of the offense, the state, in allowing Toney to plead guilty to accessory to murder, had shown all of the leniency that should be given. The district court remarked that, in light of the offense, the "punishment is inadequate, but it's the best that can be done [because the charge was only accessory to murder]."

In determining whether the sentence imposed by the district court was excessive, we must conduct an independent review of the record, including all materials used by the district court when it made its ruling. The district court considered the PSI report in evaluating Toney, and determined that a five-year fixed sentence was reasonable considering the facts of his case. Toney has not provided us with the PSI report on appeal. It is the responsibility of the appellant to

provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko,* 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App.1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason,* 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991). Therefore, Toney has failed to provide us with a record that would show the district court abused its discretion in sentencing Toney to imprisonment for a fixed five-year term.

 Toney also contends that his sentence constituted cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution and Art. I, § 6 of the Idaho Constitution. The Idaho Supreme Court, in *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992), recognized the proportionality test under the Eighth Amendment, as dictated by *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) and modified by *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). It is the modified test as stated in *Brown* that is the current legal standard for review of a claim of cruel and unusual punishment in Idaho. The Idaho Supreme Court held that, except in death penalty cases, before assessing the proportionality of a sentence under the Eighth Amendment, the reviewing court must first "make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality." *State v. Matteson,* 123 Idaho 622, 626, 851 P.2d 336, 340 (1993), *quoting Brown,* 121 Idaho at 394, 825 P.2d at 491.

We limit our proportionality analysis to death penalty cases and, under the Idaho Constitution ... to those cases which are "out of proportion to the gravity of the offense committed" in the cruel and unusual punishment setting similar to the "grossly disproportionate" analysis of the eighth amendment urged by Justices Kennedy, O'Connor, and Souter in *Harmelin.*

*Brown,* 121 Idaho at 394, 825 P.2d at 491. Thus, the first step is to determine whether Toney's sentence is out of proportion to the gravity of his crime. If this Court finds that the sentence is out of proportion to the of-fense, the comparison with sentences from this and other jurisdictions is appropriate.

Toney's sentence was not grossly disproportionate to the crime he committed. Toney allowed Towers to be beaten, humiliated and murdered. Once Towers was dead, Toney fired shots into Towers' dead body. After a night of rest, Toney then returned to the scene of the brutal slaying and disposed of the body by burning it in a shallow grave. Toney then returned home and never reported the crime to the authorities. Given the circumstances of this case, five years fixed is not a sentence which shocks our conscience and is not disproportionate to the crime committed. Therefore, further analysis is not required—we need not compare Toney's sentence to other sentences. We cannot find that Toney's sentence constituted cruel and unusual punishment.

The sentence was not an abuse of discretion and did not constitute cruel and unusual punishment. We affirm the district court's judgment of conviction and sentence of five years fixed for accessory to murder.

LANSING, C.J., and SCHWARTZMAN, J., concur.