974 P.2d 85

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lester JONES, Defendant–Appellant.**

**No. 24510**

Court of Appeals of Idaho.

Feb. 17, 1999.

---

440

·Dee, MacGregor & Fales, Idaho County Public Defenders, Grangeville, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Lester Jones pled guilty to one count of lewd conduct with a minor child under sixteen, I.C. § 18–1508. The court imposed a unified twenty-five year sentence, with nineteen years fixed. Jones appeals, asserting that the sentence imposed by the district court is excessive and that the district court abused its discretion in failing to give adequate consideration to Jones's rehabilitation potential.

Where a sentence is within statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case.

*State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

"[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria."

*Broadhead,* 120 Idaho at 145, 814 P.2d at 405, *quoting State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ Where an appellant asserts that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez,* 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). With respect to sentences imposed under the Uniform Sentencing Act,

the minimum period [of confinement] generally will be treated as the probable measure of confinement for the purpose of sentence review. By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

*State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Jones's minimum period of confinement is nineteen years.

1. At sentencing, Jones stated that throughout his adult life, between 50 to 100 foster children lived

Accordingly, he must demonstrate that this period of incarceration constitutes an abuse of the district court's discretion.

■ Jones's judgment of conviction stems from his sexual molestation of S.J., his eleven-year-old foster daughter. Jones admitted to touching S.J.'s vagina with his hand and mouth and to touching his penis on her vagina. Although it appears that Jones has no prior arrest record, at sentencing he admitted that the first time he molested a child was over twenty-five years ago and that the victim was his then five-year-old daughter. Jones also admitted to kissing one of his former female foster children,[1] as well as acknowledged sexually inappropriate conduct with his mentally challenged niece. In addition, Jones's oldest daughter reported that Jones forced her to observe him having sexual contact with a goat.

■ The district court engaged Jones in extensive questioning concerning his lengthy history of sexual conduct with children. According to the transcript, the information regarding Jones's prior victims is taken from the presentence investigation report (PSI) which Jones has *failed* to make part of the record on appeal. The appellant bears the burden of providing a sufficient record to substantiate his or her claims on appeal. *State v. Toney,* 130 Idaho 858, 861, 949 P.2d 1065, 1068 (Ct.App.1997). Absent an adequate record on appeal, we will not presume error; rather, "where pertinent portions of the record are missing on appeal, they are presumed to support the actions of the trial court." *State v. Beck,* 128 Idaho 416, 422, 913 P.2d 1186, 1192 (Ct.App.1996). Thus, we presume that information contained in the PSI supports the trial court's sentencing decision.

In imposing sentence, the court concluded that Jones minimized the nature and extent of his conduct with the children, that he presented a clear and present threat to society and that he was not amenable to rehabilitation. Nevertheless, Jones argues that because he has no prior criminal record, be-

in his home.

cause there is no evidence of forced sexual contact or physical abuse of S.J., because he is not a violent person, and because he does not abuse drugs or alcohol, he is a prime candidate for the retained jurisdiction program and the sentence imposed by the court is excessive. Jones overlooks the fact that although he has no criminal record, he is not really a first-time offender. Given Jones's admitted long-standing history of molesting young girls, including his own daughter, we decline to find an abuse of discretion in the district court's refusal to pay homage to Jones's "clean" record in fashioning this sentence.

On appeal, Jones further argues that the district court improperly relied on hearsay in the PSI to conclude that he had no potential for rehabilitation and that the court should have ordered a psychological evaluation. However, as previously noted, Jones has failed to make the PSI part of the record on appeal, and we will not presume error. Moreover, we also note that the sentencing transcript reveals Jones himself confirmed most of what his daughter set forth in the PSI.

With respect to Jones's claim that the district court should have *sua sponte* ordered a psychological evaluation to determine his amenability to rehabilitation, we reiterate that the final determination of whether to obtain such an evaluation lies within the sentencing court's discretion. I.C. § 19–2522(1); I.C.R. 32(d); *State v. Wolfe*, 124 Idaho 724, 726–27, 864 P.2d 170, 172–73 (Ct.App.1993). Pursuant to Idaho Code section 19–2522(1), "[i]f there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant." Where a defendant fails to request a psychological evaluation or object to the PSI on the ground that an evaluation has not been performed, a defendant must demonstrate that by failing to order a psychological evaluation the court "manifestly disregarded the provisions of I.C.R. 32." *Wolfe*, 124 Idaho at 727, 864 P.2d at 173.

In those instances where either this Court or our Supreme Court has found error in the district court's failure to order a psychological evaluation, we have relied upon information omitted from or contained within a PSI to identify the need for a psychological evaluation. *See State v. French*, 95 Idaho 853, 522 P.2d 61 (1974) (concluding that where PSI described defendant as a family man and dependable worker without a prior criminal record who committed rape upon his estranged wife without any explanation, the absence of a psychological evaluation rendered the PSI deficient because it deprived the court of information essential to the pronouncement of an appropriate judgment); *State v. McFarland*, 125 Idaho 876, 876 P.2d 158 (Ct.App.1994) (where PSI described the defendant as a young man with extremely low intelligence from a dysfunctional family and with no prior violent offenses, and the uncontroverted evidence showed that the defendant suffered from an unspecified mental disability which rendered his mental functioning borderline, causing mood swings and the inability to remember events from the night of the murder, the district court erred in denying the defendant's two requests for a psychological evaluation because there was strong reason to believe that his mental condition would be a significant factor at sentencing); *State v. Wolfe*, *supra* (where the defendant neither requested a psychological evaluation nor objected to the lack thereof at the time of sentencing, the presentence investigator did not express concern over the lack of an evaluation, the defendant had sexually abused his stepdaughter for over four years, the defendant claimed he did not remember having intercourse with his stepdaughter due to his alcoholism, and where the defendant moved into his stepdaughter's bedroom and shared a bed with her for nearly a year, this Court found no error in the lack of a psychological evaluation); *State v. Sabin*, 120 Idaho 780, 820 P.2d 375 (Ct.App.1991) (where presentence investigator recommended a psychological evaluation to determine the defendant's prospects for treatment, defense counsel voiced his dissatisfaction with the lack of a psychological evaluation, and where the defendant had a solid work history, was

a family man, helped support his family, had no prior criminal record, was fifty-four years old at the time of sentencing and there was not a long history of sexual abuse, the absence of a psychological evaluation was an issue preserved for appeal and the failure to order such an evaluation was erroneous because without one, the defendant's psychological condition could not adequately be addressed).

Here, Jones argues that he was extremely motivated to receive counseling, was remorseful about his conduct and even agreed to plead guilty to save his foster daughter from testifying. He also informed the court that he would make a perfect counselor because of his past experiences. However, Jones did not request a psychological evaluation or object to the lack of such an evaluation before the district court at the time of sentencing. Thus, the determination of whether the court erred in failing to order a psychological evaluation is contingent upon whether the district court manifestly disregarded the provisions of I.C.R. 32.

Because Jones has not made the PSI part of the record on appeal, we must presume that the presentence investigator in this case did not express concern over the lack of a psychological evaluation, articulated appropriate sentencing and treatment recommendations and otherwise adequately addressed those factors set forth in I.C.R. 32(b). *See State v. Beck, supra,* 128 Idaho at 422, 913 P.2d at 1192. Accordingly, we conclude that the district court did not manifestly disregard the provisions of I.C.R. 32 by failing to order a psychological evaluation *sua sponte.*[2]

We affirm Jones's judgment of conviction and unified twenty-five year sentence, with nineteen years fixed, for lewd conduct with a minor child under sixteen.

Chief Judge PERRY and Judge LANSING, CONCUR.

---

**2.** In 1998, the Idaho Legislature passed the Sexual Offender Registration Act, Idaho Code Section 18–8301, etc. Section 18–8316 now *requires* a psychosexual evaluation by a professional in all sexual offense cases prior to sentencing.