**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36622**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 468** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: May 14, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JEFFREY THOMAS EGUILIOR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Lincoln County. Hon. John K. Butler, District Judge.

Judgment of conviction and concurrent unified sentences of five years years, with a minimum period of confinement of two years, for burglary; unified term of six years, with a minimum period of confinement of three years, for grand theft; and unified term of thirteen years, with minimum period of confinement of four years, for grand theft, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Jeffrey Thomas Eguilior pled guilty to burglary, I.C. § 18-1401; grand theft, I.C. § 18-2403(1) and 18-2407(b)(6); and grand theft, I.C. § 18-2403(1) and 18-2407(b)(1). The district court sentenced Eguilior to concurrent unified sentences of five years years, with a minimum period of confinement of two years, for burglary; unified term of six years, with a minimum period of confinement of three years, for grand theft; and unified term of thirteen years, with minimum period of confinement of four years, for grand theft. Eguilior appeals, asserting that the district court should have sua sponte ordered a mental health evaluation prior to sentencing and that his sentences are excessive.

1

The determination whether to obtain a psychological evaluation lies within the sentencing court's discretion. I.C. § 19-2522(1); I.C.R. 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). The legal standards governing the court's decision whether to order a psychological evaluation and report are contained in I.C. § 19-2522. Pursuant to I.C. § 19-2522(1), if there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist to examine and report upon the defendant's mental condition.

Previous decisions indicate that even if there is reason to believe the defendant's mental condition will be a significant factor at sentencing, the court nonetheless may deny a request for a new evaluation if the information contained in existing reports satisfies the requirements of I.C. § 19-2522(3). *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994). Accordingly, we will uphold the district court's failure to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately meets the requirements of I.C. § 19-2522(3). *Id.* Where a defendant fails to request a psychological evaluation or object to the PSI on the ground that an evaluation has not been performed, the defendant must demonstrate that by failing to order a psychological evaluation the sentencing court manifestly disregarded the provisions of I.C.R. 32. *Jones*, 132 Idaho at 442, 974 P.2d at 88.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in not ordering a psychological evaluation or in imposing excessive sentences.

Therefore, Eguilior's judgment of conviction and sentence are affirmed.