**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43575**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 463** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 4, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RYANN D. CAMPERUD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and concurrent unified sentences of three years, with minimum periods of confinement of one and one-half years, for three counts of felony issuing a check without funds, <u>affirmed.</u>

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Ryann D. Camperud pled guilty to three counts of felony issuing a check without funds. I.C. § 18-3106(a). In exchange for her guilty plea, additional charges were dismissed. The district court sentenced Camperud to concurrent unified terms of three years, with minimum periods of confinement of one and one-half years. Camperud filed an I.C.R 35 motion, which the district court denied. Camperud appeals.

1

Camperud first alleges that the district court erred in denying her motion for a continuance. When the district court accepted Camperud's guilty plea, the court ordered substance abuse and mental health evaluations pursuant to I.C. § 19-2524 and set the sentencing hearing for six weeks from the guilty plea, allowing ample time for Camperud to participate in those evaluations. On the date set for sentencing, defense counsel informed the district court that Camperud wished to hire private counsel and, therefore, requested a continuance. The district court allowed a continuance for that purpose. Camperud did not hire private counsel. On the date of the continued sentencing hearing, she requested another continuance so that she could obtain the evaluations ordered almost two months previously. No reason was given by her for her failure to obtain the evaluations. Her counsel merely stated that the mental health evaluation "was not originally done due to her not being able to get it done, but she now has that scheduled for next Tuesday." The presentence investigation report disclosed that the mental health evaluation was not done because Camperud missed a scheduled appointment. The district court denied the motion to continue and proceeded to sentencing.

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Generally, it has been held that unless an appellant shows that his or her substantial rights have been prejudiced by reason of a denial of his or her motion for continuance, appellate courts can only conclude that there was no abuse of discretion. *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995).

The determination whether to obtain a psychological evaluation lies within the sentencing court's discretion. I.C. § 19-2522(1); I.C.R. 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). The legal standards governing the court's decision whether to order a psychological evaluation and report are contained in I.C. § 19-2522. Pursuant to I.C. § 19-2522(1), if there is reason to believe that the mental condition of the defendant will be a

significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist to examine and report upon the defendant's mental condition.

Previous decisions indicate that even if there is reason to believe the defendant's mental condition will be a significant factor at sentencing, the court nonetheless may deny a request for a new evaluation if the information contained in existing reports satisfies the requirements of I.C. § 19-2522(3). *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994). Accordingly, we will uphold the district court's failure to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately meets the requirements of I.C. § 19-2522(3). *Id.*

In this case, the district court denied Camperud's request for a continuance, concluding that she had been granted sufficient time to provide the evaluations. The district court noted that Camperud's mental health may have been a factor at sentencing but that the court already had sufficient information regarding Camperud's mental health issues contained in the presentence materials, which included prior mental health evaluations done in connection with Camperud's prior cases in 2002 and 2007. Camperud has failed to establish that the district court abused its discretion by denying her request to continue her sentencing hearing.

Camperud also asserts that her sentences are excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Camperud's judgment of conviction and sentences are affirmed.