IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37688

| STATE OF IDAHO, | ) | 2011 Opinion No. 42 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 19, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RONALD W. ROLLINS, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction and sentence for grand theft, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Ronald W. Rollins, Jr. appeals his sentence imposed upon a guilty plea to grand theft, Idaho Code § 18-2403(1). Rollins argues that the district court erred by failing to order a psychological evaluation before sentencing and abused its discretion by imposing an excessive sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Rollins entered a welding business with a key that had been entrusted to him by the business owner's sister. He took two pieces of welding machinery valued at approximately $7,750 to a pawn shop and received $600. Rollins spent the money on drugs. Pursuant to a plea agreement, Rollins pled guilty to grand theft and was released directly to a voluntary drug rehabilitation program. After entry of the guilty plea, the district court inquired about the need for an I.C. § 19-2524 evaluation, which allows courts to "order the defendant to undergo a

1

substance abuse assessment and/or a mental health examination." I.C. § 19-2524(1). Rollins' attorney replied that the drug rehabilitation program would provide an evaluation that would assist the court in sentencing and a separate evaluation would not be necessary.

The presentence investigation report (PSI) summarized Rollins' history of misdemeanor crimes: possession of alcohol by a minor; driving without privileges; failure to purchase a license; battery; two instances of petit theft; unlawful sale of prescription drugs; and two probation violations. Rollins also had charges of grand theft and forgery dismissed. As it related to investigating Rollins' mental condition, the investigator reported that two attempts had been made to involuntarily commit Rollins' mother, but both proceedings had been dropped. Rollins' ex-girlfriend at the time of the investigation told the investigator that Rollins was a pathological liar, had stolen from her, had caused her severe financial difficulties, and possibly had mental health problems similar to his mother's. Rollins stated to the investigator that he "would like a mental health evaluation." Relating to his drug addiction, Rollins told the investigator that he had been addicted to pain medication for approximately eight years and that he desires to stop using drugs. The investigator concluded that Rollins' criminal problems were attempts to support his drug habit and that he needed a controlled environment to address his addictions, thinking, and behavior. The investigator did not recommend that the court obtain a psychological evaluation for sentencing purposes.

At sentencing, Rollins requested a withheld judgment. The court imposed a unified sentence of five years with two years determinate and suspended the sentence, placing Rollins on supervised probation. Rollins appeals.

## II.

## DISCUSSION

Rollins claims the sentencing court erred by failing to order a psychological evaluation, and abused its discretion by imposing an excessive sentence.

### A.     Psychological Evaluation

Rollins argues the district court erred by failing to order a psychological evaluation prior to sentencing. Rollins contends that he requested an evaluation through the PSI. Alternatively, he asserts that the district court erred by failing to sua sponte order a psychological evaluation prior to sentencing.

2

In the PSI, the investigator wrote: "The defendant stated he has never had mental health counseling, never considered or attempted suicide, but reports that he feels anxiety and depression and *would like a mental health evaluation*. He stated that his mother has mental health issues with anxiety and depression." (Emphasis added.) On appeal, Rollins characterizes this statement as a request for a psychological evaluation. The State asserts that the reference was in relation to treatment, not sentencing, and, moreover, does not constitute a motion or other proper request for a presentence psychological evaluation.

While a presentence investigator may recommend a psychological evaluation, Idaho Criminal Rule 32(d), the sentencing court is charged with deciding whether to order an evaluation. I.C. § 19-2522; I.C.R. 32(d). Idaho Criminal Rule 47 states:

> An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which the motion is made and shall set forth the relief or order sought. It may be supported by affidavit. Any written order entered shall be on a separate document.

Rollins, who was represented by counsel, did not file a motion with the district court requesting a psychological evaluation. This Court will not consider the statement Rollins made to the investigator as a motion, or any other request directed to the district court. Thus, Rollins' argument on appeal that the district court erred by failing to grant his request for a psychological evaluation is without merit.

Rollins alternatively argues--for the first time on appeal--that the district court should have sua sponte ordered a psychological evaluation. This issue presents the question of appellate review of a district court's failure to order a psychological evaluation when no request for, or objection to, the lack of such evaluation was made. We have held that a claim that the district court should have sua sponte ordered a psychological evaluation will be reviewed upon a showing of a manifest disregard of I.C.R. 32. *Cf. State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999) ("Where a defendant fails to request a psychological evaluation or object to the PSI on the ground that an evaluation has not been performed, a defendant must demonstrate that by failing to order a psychological evaluation the court 'manifestly disregarded the provisions of I.C.R. 32.'"). A question arises regarding the status or appropriate use of the "manifest disregard" standard in light of the comprehensive fundamental error analysis set out in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010). As set forth below, Rollins can satisfy

3

neither the manifest disregard nor the fundamental error standard and, therefore, we need not decide, in this case, whether the manifest disregard standard has continued vitality in light of *Perry*. We believe the question will be presented in a future matter and we will require briefing of the parties on the issue at that time. However, we take this opportunity to provide a brief review of the manifest disregard standard and its potential intersection with the fundamental error standards re-articulated in *Perry*.

The manifest disregard of Rule 32 standard can be traced to *State v. Toohill*, 103 Idaho 565, 566-67, 650 P.2d 707, 708-09 (Ct. App. 1982). There, Toohill argued that his PSI was inadequate because the report did not provide a full analysis of his psychological condition or set forth a plan of rehabilitation. Toohill did not raise this objection before the sentencing court, and this Court sought to resolve whether Toohill could raise the claim for the first time on appeal. We acknowledged the general rule that issues must be first raised at the trial level to be considered on appeal, but also recognized the exception for fundamental error. "'Fundamental error' denotes a denial of due process." *Id*. at 566, 650 P.2d at 708. The Court expressly noted that the fundamental error doctrine had not been expanded to sentencing. However, the *Toohill* Court recognized that PSIs have a significant bearing on sentencing decisions and appellate review of the sentence. The Idaho Supreme Court had enacted Rule 32 to regulate PSIs, and the rule directs the investigator, as appropriate, to recommend that the court obtain a psychological examination or plan for rehabilitation. This Court concluded it would review an appellate claim of "manifest disregard" of the rule, despite the lack of objection below. *Id*. The Court noted, however, that it would not review a contention, made for the first time on appeal, that compliance with the rule was simply inadequate, that the report should have developed a particular point further, or that certain information was incomplete or inaccurate. *Id*. at 566-67, 650 P.2d at 708-709.

Following *Toohill*, this Court used the phrase "manifest disregard" in cases involving sentencing issues. In *State v. Sensenig*, 110 Idaho 83, 86, 714 P.2d 52, 55 (Ct. App. 1985), the Court considered whether the defendant, who had not objected below, could demonstrate "'disregard' for Rule 32" by inclusion of hearsay statements in the PSI. In *State v. Morgan*, 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct. App. 1985), the Court was asked to review a claim that the district court relied on information outside the record, contrary to *State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969). We stated that "[b]y parity of reasoning, we hold today that

4

manifest disregard of the *Moore* requirements also may be examined despite the lack of an objection." *Morgan*, 109 Idaho at 1043, 712 P.2d at 744.

Rule 32, as its title and introductory sentence make clear, governs presentence investigation reports. Specific to psychological information, the presentence investigator should include in the PSI "a complete summary of the presentence investigator's view of the psychological factors surrounding the commission of the crime or regarding the defendant individually which the investigator discovers." I.C.R. 32(b)(10). "Where appropriate, the analysis should also include a specific recommendation regarding a psychological examination and a plan of rehabilitation." I.C.R. 32(b)(10). "The presentence investigator may recommend a psychological evaluation, but the decision as to whether to order a psychological evaluation is to be made by the sentencing judge." I.C.R. 32(d).

Idaho Code § 19-2522 sets forth the standards governing, for sentencing purposes, when psychological evaluations are to be ordered, the contents of the evaluation, and procedures governing evaluations. It states, in part:

> If there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant.

I.C. § 19-2522(1). Of course, in cases where the defendant requested the court to order a psychological evaluation which was denied or where the defendant objected to the absence of such report, the claim of error has been appropriately reviewed as a violation of I.C. § 19-2522, without reliance on the manifest disregard of Rule 32 standard. *See State v. Coonts*, 137 Idaho 150, 152-53, 44 P.3d 1205, 1207-08 (Ct. App. 2002); *State v. Whipple*, 134 Idaho 498, 506, 5 P.3d 478, 486 (Ct. App. 2000); *State v. McFarland*, 125 Idaho 876, 878-79, 876 P.2d 158, 160-61 (Ct. App. 1994).

Idaho Code § 19-2522 was enacted in 1982, the same year *Toohill* was decided. However, *Toohill* did not mention the statute, perhaps because it was enacted after the sentencing in *Toohill*. As noted in *Toohill*, the Court stated that it would review the PSI itself for manifest disregard of the information, including psychological information, required to be included in the PSI by Rule 32. *Toohill* did not specifically address the need to order a psychological evaluation. Idaho Code § 19-2522, not Rule 32, governs whether a psychological evaluation must be ordered. Nonetheless, subsequent to the enactment of I.C. § 19-2522, in cases where the

5

defendant has neither requested a psychological evaluation nor objected to its absence, we have reviewed a claim of error, raised for the first time on appeal, under the manifest disregard standard. In *State v. Wolfe*, 124 Idaho 724, 726, 864 P.2d 170, 172 (Ct. App. 1993), the Court stated it would review a claim--raised for the first time on appeal--that the district court should have ordered a psychological evaluation for "manifest disregard for I.C.R. 32" and cited to *Toohill*, 103 Idaho at 566, 650 P.2d at 708. *See also State v. Schultz*, 149 Idaho 285, 287, 233 P.3d 732, 734 (Ct. App. 2010); *State v. Jockumsen*, 148 Idaho 817, 822, 229 P.3d 1179, 1184 (Ct. App. 2010); *State v. Durham*, 146 Idaho 364, 366, 195 P.3d 723, 725 (Ct. App. 2008); *State v. Collins*, 144 Idaho 408, 409, 162 P.3d 787, 788 (Ct. App. 2007); *State v. Adams*, 137 Idaho 275, 277-78, 47 P.3d 778, 780-81 (Ct. App. 2002); *State v. Craner*, 137 Idaho 188, 189, 45 P.3d 844, 845 (Ct. App. 2002); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). Most of these cases have analyzed the standards of I.C. § 19-2522 to determine whether error occurred, but have retained the manifest disregard of Rule 32 standard to explain that the unobjected to error is reviewable. *But see Wolfe*, 124 Idaho at 726, 864 P.2d at 172; *State v. Viehweg*, 127 Idaho 87, 91, 896 P.2d 995, 999 (Ct. App. 1995) (not citing to I.C. § 19-2522 despite reviewing whether the court erred in not ordering a psychological evaluation).

Our research to date indicates that the Idaho Supreme Court has not applied the manifest disregard standard generally or specifically to psychological evaluations. The only case in which the Court has referenced the manifest disregard standard is *State v. Wersland*, 125 Idaho 499, 501, 873 P.2d 144, 146 (1994). In *Wersland* the defendant was charged with vehicular manslaughter incident to an accident involving a death, as well as injury to two passengers. Wersland objected to the inclusion in the PSI of statements by the two passengers and their parents, claiming that they were not victims under I.C. § 19-5306. The Idaho Supreme Court stated:

> Our standard of review on this issue is whether the district court acted with manifest disregard for I.C.R. 32 by permitting the inclusion of the statements of the girls and their parents in the presentence report. We must determine whether these statements were beyond the scope of I.C.R. 32 and whether the court abused its discretion by relying upon this information at sentencing.

*Id*. The *Wersland* Court cited no authority for its reference to the manifest disregard standard, particularly in the context, as in that case, where objection had been made.

6

Against this backdrop, the question posed is the continued vitality of the manifest disregard standard of review for unobjected to error in light of *Perry*. In *Perry*, the Idaho Supreme Court engaged in an extensive and comprehensive analysis of harmless error and fundamental error doctrines "[i]n order to establish a clear standard going forward." The Court stated:

> We take this opportunity to clarify the standards employed by Idaho appellate courts in analyzing alleged trial errors for harmless error or fundamental error, so as to: (1) provide guidance to our Appellate Courts applying the doctrine; (2) promote judicial fairness and equal application of law by eliminating unnecessary ambiguities; (3) reinforce the judicial preference for contemporaneous objections before the trial court.

*Perry*, 150 Idaho at 220, 245 P.3d at 972.

The *Perry* Court first noted that "[m]ultiple statements of law pertaining to the fundamental error doctrine have caused confusion." *Id*. at 221, 245 P.3d at 971. In specific regard to fundamental error, the Court stated:

> Idaho's previous articulation of fundamental error failed to provide appellate courts with a structured inquiry likely to lend itself to equal application. Therefore, after careful and considered analysis, we hold that in cases of unobjected to fundamental error: (1) the defendant must demonstrate that one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate that the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings. . . . Placing the burden of demonstrating harm on the defendant will encourage the making of timely objections that could result in the error being prevented or the harm being alleviated.

*Id*. at 226, 245 P.3d at 978 (footnote omitted).

Since the issue we have raised involves unobjected to error in sentencing, the threshold question is whether fundamental error and, hence, *Perry* applies to sentencing issues. In *Toohill*, this Court's legal analysis was rather brief:

> As a general rule, issues must be raised in a trial court in order to be considered on appeal. *E.g., State v. Holt*, 102 Idaho 44, 625 P.2d 398 (1981); *State v. Sharp,* 101 Idaho 498, 616 P.2d 1034 (1980). A limited exception to this rule applies to criminal cases where "fundamental error" is shown. *State v. Garcia,* 100 Idaho 108, 594 P.2d 146 (1979). "Fundamental error" denotes a denial of due process. Ordinarily, it refers to error which results in failure to

afford the accused a fair trial. *See*, *e.g.*, *State v. LePage,* 102 Idaho 387, 630 P.2d 674 (1981); *State v. Baker,* 103 Idaho 43, 644 P.2d 365 (Ct. App. 1982).

We have not been cited, nor has our research disclosed, any case where the Idaho Supreme Court has extended the "fundamental error" doctrine beyond the adjudication of guilt, to the sentencing process. Rather, the Supreme Court-- without discussing "fundamental error"--has declined to review assertions that pre-sentence reports were inadequate, where no objections had been made at the trial court level. *E.g., State v. Thacker,* 98 Idaho 369, 564 P.2d 1278 (1977); *State v. Wallace,* 98 Idaho 318, 563 P.2d 42 (1977).

*Toohill,* 103 Idaho at 566, 650 P.2d at 708. In the analysis which followed, this Court made clear that, consistent with the cited Idaho Supreme Court cases, it would not review claims that the PSI was simply inadequate. However, noting the integrity of the courts and the reputation of the judicial process, this Court indicated that in cases where the rule regarding PSIs was manifestly disregarded, review was appropriate. *Id*. On one hand, *Toohill* could arguably be read as applying fundamental error to the sentencing process--which had not been previously done--and articulating the egregiousness of the rule violation--manifest disregard--necessary for reversal on that basis.[1] On the other hand, *Toohill* could arguably be read as adopting a standard for review of unobjected to error specific to the sentencing process, distinct and independent from the standard of fundamental error applicable in the adjudication of guilt stage.[2] Thus, it may be debated whether *Toohill* extended the fundamental error doctrine to the sentencing process or, rather, articulated a separate standard of review, applicable to issues arising after the trial stage.

As noted above, the Idaho Supreme Court has never actually applied the manifest disregard standard (but has not overruled the Idaho Court of Appeals' application of the standard in many cases). In *Perry*, the Court did not reference the manifest disregard standard for unobjected to error. The *Perry* Court made no reference to manifest disregard as one of the "multiple" articulations of fundamental error. Indeed, the *Perry* Court's fundamental error analysis referred, on several occasions, to "trial error," the lack of "objection at trial," and "error

---

[1]     This argument may be supported by the Court's specific reference to the fundamental error doctrine and deference to the Supreme Court's refusal to apply fundamental error to simple inadequacies in a PSI.

[2]     This argument may be supported the Court's failure to specifically note that it was extending the fundamental error doctrine to the sentencing process.

[which] occurred at trial." Thus, *Perry* does not expressly state that the Court intended its re-articulation of the fundamental error doctrine to apply to review of unobjected to error occurring after the determination of guilt.

Upon review, we note that the Idaho Supreme Court has applied fundamental error to issues arising subsequent to the determination of guilt stage. Subsequent to *Perry*, in *State v. Longest*, 149 Idaho 782, 241 P.3d 955 (2010), the Court took up a claim of fundamental error regarding a claim of breach of a plea agreement as to sentencing recommendations. While the Court ultimately determined that Longest had not satisfied the three prongs of *Perry* to establish fundamental error, the Court did not suggest that the *Perry* fundamental error analysis was inapplicable to the sentencing process. In *Longest*, the unobjected to error allegedly occurred after the initial sentencing at a rider review hearing. *Id.* at 784, 241 P.3d at 957. Prior to *Perry*, in *State v. Jafek*, 141 Idaho 71, 74, 106, P.3d 397, 401 (2005), the Idaho Supreme Court applied fundamental error to review a claimed breach of plea agreement at sentencing. Fundamental error was applied to review a claimed due process violation by imposition of a greater sentence upon resentencing in *State v. Robbins*, 123 Idaho 527, 530, 850 P.2d 176, 179 (1993). This Court has also applied fundamental error, both before and after *Perry*, to issues arising at sentencing. In *State v. Prelwitz*, 132 Idaho 191, 193, 968 P.2d 1100, 1102 (Ct. App. 1998), we applied fundamental error to a probation violation based upon a non-existent term of the probation. In *State v. Reid*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2011), because Reid had not objected to information considered by the district court at sentencing, we turned to a fundamental error analysis, but found no error. In *State v. Gomez*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2011), this Court applied a fundamental error analysis to a claimed breach of plea agreement at sentencing. Thus, fundamental error has been applied to claimed error occurring after the trial stage, although, as noted, we have applied the manifest disregard standard specific to psychological information and evaluations for sentencing.

The *Perry* Court set forth the standard for application of the fundamental error doctrine as follows:

> If the alleged error was not followed by a contemporaneous objection, it shall only be reviewed by an appellate court under Idaho's fundamental error doctrine. Such review includes a three-prong inquiry wherein the defendant bears the burden of persuading the appellate court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate

9

record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless. If the defendant persuades the appellate court that the complained of error satisfies this three-prong inquiry, then the appellate court shall vacate and remand.

*Perry*, 150 Idaho at 228, 245 P.3d at 980. A defendant cannot obtain review unless the error was fundamental. If the error is fundamental then reversal is mandatory. *Id*. The defendant must demonstrate that "the alleged error . . . violates one or more of the defendant's unwaived constitutional rights." *Id*. Where the asserted error relates to a violation of a rule or statute, instead of an infringement upon a constitutional right, the fundamental error doctrine may not be invoked. *Id*. at 228, 245 P.3d at 980. In *Perry*, the Court stated that "Idaho has limited appellate review of unobjected-to error to cases wherein the defendant has alleged the violation of a constitutionally protected right." *Id*. at 226, 245 P.3d at 978. Further, the Court stated that "in Idaho a trial error that does not violate one or more of the defendant's constitutionally protected rights is not subject to reversal under the fundamental error doctrine." *Id*. The defendant must also demonstrate that the error was plain. For an error to plainly exist, there must, of course, be a demonstration of error. In addition, there must be no need for additional information outside the appellate record. *Id*. at 228, 245 P.3d at 980. Requiring error to be "plain" is "synonymous with 'clear' or, equivalently, 'obvious.'" *Id*. at 225, 245 P.3d at 977 (quoting *United States v. Olano,* 507 U.S. 725, 734 (1993)). Further, for the error to be plain there must not be a question as to whether the failure to object was a tactical decision. *Perry*, 150 Idaho at 228, 245 P.3d at 980. Finally, under the third prong of fundamental error, the defendant has the burden of proving that the error "was not harmless." The *Perry* Court included considerable discussion of the "three-prong threshold inquiry" devised by the United States Supreme Court and applied in *Olano*. In discussing the third prong from *Olano*, the *Perry* Court stated:

> Third, the error must affect substantial rights, meaning (in most instances) that it must have affected the outcome of the trial court proceedings. This third prong is equivalent to the analysis applied in *Chapman* harmless error review, with one important difference. In harmless error review the burden of persuasion is on the State to demonstrate that the constitutional violation did not affect the outcome of the case. In plain error review the burden is upon the defendant to demonstrate that the error *did* affect the outcome.

*Perry*, 150 Idaho at 225, 245 P.3d at 977 (emphasis in original) (citation omitted).

10

As noted, our purpose here is not to (and we do not) disavow or reaffirm the manifest disregard standard as it has been applied. Nor have we endeavored to analyze the application of *Perry* specific to psychological evaluations for sentencing. We have set forth the above brief overview in anticipation of the potential need to specifically determine the issue, upon briefing of counsel, in a subsequent matter.

In this case, regardless of whether we base our review upon the three-prong *Perry* inquiry or the manifest disregard standard, Rollins' claim fails. A prerequisite to any review is the demonstration of error, which Rollins has failed to do. Rollins only points to information in the PSI of unconfirmed indications that his mother experienced mental health issues, that his ex-girlfriend suspected Rollins could have similar mental health issues, and that he told the investigator he would like a psychological evaluation. The State correctly asserts that the available mental health information amounts to nothing more than self-reported accounts of anxiety and depression with a statement from his ex-girlfriend that Rollins may benefit from mental health counseling.[3] Despite the identified references to mental health, the overall focus of the PSI was on Rollins' addiction to pain medication, which began in 2002. The investigator did not recommend a psychological evaluation, but did recommend a drug addiction treatment program, which Rollins was enrolled in when the investigator spoke with him. Rollins' argument to the sentencing court was focused on seeking a sentence that would aid him in curing his drug addiction. The district court recognized the drug addiction issue when the court inquired as to the need for an evaluation under I.C. § 19-2524.[4] The record does not reveal actions by Rollins that would indicate he had a mental condition or provide substantial evidence of mental illness. Rollins has failed to demonstrate error.

---

[3] In *Adams*, 137 Idaho at 278, 47 P.3d at 781, we stated that personal views of family members, standing alone, are insufficient to demonstrate a mental condition.

[4] The district court inquired about the need for an I.C. § 19-2524(1) evaluation which includes "substance abuse assessment and/or mental health examination." Rollins' counsel stated that such an evaluation was not necessary, indicating that the drug rehabilitation program would provide the necessary evaluation. Any error by the district court was, thus, invited by Rollins affirmatively declining an evaluation which could have included a mental health examination. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*.

**B.    Sentencing**

Rollins argues that because of mitigating factors, the sentencing court abused its discretion by imposing an excessive sentence and not granting a withheld judgment.    An appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion.  *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case."  *Toohill*, 103 Idaho at 568, 650 P.2d at 710.  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment.  I.C. § 19-2601(3); *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985); *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000). "[T]he legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant."  *Geier*, 109 Idaho at 965, 712 P.2d at 666 (quoting *State v. Wagenius*, 99 Idaho 273, 279, 581 P.2d 319, 325 (1978)).   If the defendant claims the sentencing court erred in failing to order a withheld judgment, the defendant must demonstrate the decision was an abuse of discretion.  *Edghill*, 134 Idaho at 220, 999 P.2d at 257.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Rollins argues the sentencing court abused its discretion in failing to grant a withheld judgment. Rollins points to his drug addition, remorse, work history, and lack of prior felonies in his record. The court recognized it had the discretion to grant a withheld judgment, but determined that a withheld judgment would be inappropriate based on the nature of the crime, the breach of trust, and Rollins' prior criminal record. The court imposed a unified five-year sentence with two years determinate and suspended the sentence, placing Rollins on supervised probation. This Court has reviewed the record and concludes that Rollins has failed to demonstrate the sentencing court abused its discretion by imposing the sentence and refusing to grant a withheld judgment.

### III.

### CONCLUSION

Rollins failed to demonstrate sentencing error reviewable by this Court. The district court did not abuse its discretion by imposing sentence and refusing to grant a withheld judgment. Rollins' judgment of conviction and sentence are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**