IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38799

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 316 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PATRICK ANTHONY MORRISSEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction and sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

After a jury trial, Morrissey was found guilty of conspiracy to commit arson, Idaho Code §§ 18-802(4), 18-1701, and arson in the first degree, I.C. § 18-802(4). The jury also found that Morrissey was a persistent violator, I.C. § 19-2514. As to each offense, the district court imposed a unified sentence of fifteen years, with five years determinate. These sentences ran concurrently with each other but consecutively with sentences in other cases. On appeal, Morrissey argues that the district court erred by failing to order a mental health evaluation and by imposing an excessive sentence. We affirm the judgment of conviction.

## I.

## BACKGROUND

Because Morrissey asserts sentencing errors and not trial errors, our recitation of the facts focuses on post-trial issues. Immediately after the jury returned its verdict and was dismissed, the court issued an order that a presentence investigation report be prepared. At that time, the

1

court asked Morrissey's counsel if he would like to request any additional evaluations. Counsel indicated that he was not requesting any additional evaluations.

At the sentencing hearing, neither party disputed the contents of the presentence investigation report (PSI). The report generally showed that Morrissey had significant indicators of mental illness. Morrissey reported a troubled childhood: he suffered oxygen deprivation at birth, a parent physically abused him, and he behaved poorly in school. He and others indicated he had been diagnosed with numerous conditions: a seizure disorder, attention-deficit hyperactivity disorder, bipolar disorder, obsessive compulsive disorder, oppositional-defiant disorder, an unspecified mood disorder, conduct disorder, damage to the limbic region of his brain, and substance dependence. For these conditions, he had been treated with numerous psychotropic medications and had self-medicated by abusing alcohol, marijuana, LSD, cocaine, opium, psilocybin mushrooms, methamphetamine, and prescription opiates.

In addition to Morrissey's reports, the PSI contained a psychiatric discharge summary that was prepared approximately four years before the sentencing hearing. In that document, Morrissey was diagnosed with conduct disorder and an unspecified mood disorder. The discharge summary indicated that Morrissey was not well-suited for care in the community and would best be served by treatment in a penal institution because "he cannot voluntarily cooperate with care." An earlier report, also in the PSI, diagnosed Morrissey with disruptive behavior disorder, attention deficit hyperactivity disorder, mixed seizure disorder, and a mixed developmental disorder.

At the sentencing hearing, the State argued that Morrissey should be imprisoned on several grounds. These included Morrissey's relatively long criminal record including three prior adult felonies by the age of twenty-two. He had been given opportunities for treatment in the community and on a rider, but neither had proven effective at reducing Morrissey's criminal conduct.

During the sentencing hearing, the court discussed the reasoning that undergirded its sentencing decision. First, it made clear that it had "very carefully read this presentence investigation." Then, it discussed the distinction between the view of Morrissey held by his friends and family and his course of criminal conduct:

> I have gone back and I've looked at the history of these other cases and I'm not
> sure what it is that causes your conduct, but it's clear that it's been there for years.
> There is an element of kind of a Jekyll and Hyde element going on in your life. If

2

I listen to the people that know you like your mother, the mother of your child and your friends and so forth, they think that Patrick Morrissey is just a fine, young man and has had a tough life and deserves a break and so forth and so forth. If I look at the history of this case in terms of your conduct with the legal system, you're the Hyde because you've had nothing but problems in schooling, problems in the juvenile system.

Thereafter, the court explained that it gave significant credence to Morrissey's mental health evaluations:

I've looked at this case from the standpoint of is there something in Patrick Morrissey's life that would be causing him to do these things? In other words, are there mental problems? I'm aware that you have a history in that area. I've looked very carefully at the evaluations of Dr. Heidenreich that was done a couple of years ago and the Canyon View reports and so forth. Frankly, I was astounded to see in Dr. Heidenreich's report the statement that the prosecutor quoted, that if you have further problems in life you need to go to a penal institution. I don't know that I've ever seen that out of a psychiatrist. It tells me something about your character that I think really does influence my decision today.

Finally, the court summarized the difficult nature of its decision, "I don't understand, at this juncture, what is driving Patrick Morrissey." On the one hand, the court considered the possibility that Morrissey was merely "a young man who has just not felt the impact, if you will, of punishment and thinks that you can get away with anything." Alternatively, the court considered the potential impact of the mental health reports. Those indicated that Morrissey had an antisocial personality disorder and would be likely to ignore "anything anybody says, including the parole board [and] this court." If that were true, the court said, it was inclined to impose a longer sentence to protect society. After explaining its sentencing rationale, the court imposed unified sentences of fifteen years, with five years determinate.

On appeal, Morrissey argues that the district court erred by failing to order a mental health evaluation for purposes of sentencing and that his sentence is excessive.

## II.

## ANALYSIS

### A.    Failure to Order Mental Health Evaluation

Morrissey bases his first claim of error upon Idaho Code § 19-2522(1), which provides that "if there is reason to believe the mental condition of the defendant will be a significant factor

at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant."

Morrissey's claim of a violation of this statute has been waived because it was invited. He not only did not request a mental health evaluation, his counsel specifically declined when asked if any additional evaluations were desired. We have previously held that when the sentencing court asks counsel if an evaluation is needed and counsel indicates it is not, any error in failing to provide that evaluation is invited error. *State v. Rollins*, 152 Idaho 106, 114 n.4, 266 P.3d 1211, 1219 n.4 (Ct. App. 2011). "Invited errors are not reversible." *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009) (quoting *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985)). That is true even if the claimed error would otherwise constitute fundamental error. *State v. Norton*, 151 Idaho 176, 187, 254 P.3d 77, 88 (Ct. App. 2011). Therefore, we will not further address the issue.

**B.     Sentence**

Morrissey also claims that the trial court erred by imposing an excessively harsh sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## III.

## CONCLUSION

Morrissey's claim that the trial court erred by failing to sua sponte order a mental health evaluation fails; to the extent any error occurred, it was invited error. He also failed to show that the trial court abused its discretion by imposing an excessively harsh sentence. Therefore, the judgment of conviction and sentence are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

4