**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46632**

| | |
|---|---|
| STATE OF IDAHO,<br><br>     **Plaintiff-Respondent,**<br><br>v.<br><br>LINDSEY JEAN ASSELIN,<br><br>     **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  September 2, 2020**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County.  Hon. Gregory Moeller, District Judge.  Hon. Jason D. Walker, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, affirming denial of motion in limine, <u>affirmed</u>.

Lindsey Jean Asselin, Driggs, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Lindsey Jean Asselin appeals from the district court's order affirming the magistrate court's denial of her motion in limine.  Specifically, Asselin argues that (1) the magistrate court abused its discretion in denying her motion in limine, (2) appointed counsel's actions before and during trial constituted ineffective assistance of counsel, and (3) she was denied counsel in violation of the Sixth Amendment to the United States Constitution.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Asselin was charged with misdemeanor driving under the influence pursuant to Idaho Code § 18-8004.  The charges arose when Teton County Officer Lemieux stopped Asselin's vehicle after observing her swerving in her lane and crossing the centerline twice.  After stopping the

1

vehicle, Officer Lemieux observed signs of intoxication, including relaxed facial muscles and slurred speech, and Asselin admitted to having a drink at work. Officer Lemieux then had Asselin perform field sobriety tests, which she failed. Asselin was arrested and transported to the Teton County Sherriff's Office. Once there, Officer Lemieux placed a new disposable mouthpiece on a LifeLoc FC20 breathalyzer and attempted to obtain breath samples from Asselin. After blowing five times on the same mouthpiece, three of which were insufficient, Asselin's completed tests measured .165 and .167 breath alcohol content.

Asselin was cited for misdemeanor driving under the influence (DUI). She was appointed counsel by the magistrate court. Asselin's counsel then filed a motion in limine seeking to restrict the State's use of the breathalyzer test, arguing that the test was invalid because a new mouthpiece was not used for each blow. In support of her argument, Asselin cited to the Idaho State Police Standard Operating Procedure breath test manual which states: "The operator should use a **new mouthpiece** for each individual and for each series of tests." The State did not dispute that the same mouthpiece was used for each test, instead arguing that the manual states that a new mouthpiece be used for hygienic reasons, and the cited provision only requires that the mouthpiece be changed for each individual or series of tests. As Asselin's tests were all performed on the same individual and in the same series, there was no need to change the mouthpiece between each blow as Asselin argued.

The magistrate court agreed with the State's arguments, finding that the manual directed changing the mouthpiece for hygienic reasons, and only required a change between individuals and for each series of tests. Further finding that the State had shown that the proper testing procedures were followed under I.C. § 18-8004(4), the magistrate court denied Asselin's motion in limine.

A jury found Asselin guilty of driving under the influence. Asselin's counsel subsequently moved to withdraw, and Asselin signed a stipulated substitution of counsel, discharging counsel and agreeing to represent herself moving forward. Asselin filed a notice of appeal on October 19, 2015, after the jury verdict but before judgment was entered on September 14, 2016. At a hearing prior to sentencing, Asselin again requested court-appointed counsel. The magistrate court determined that she did not qualify as indigent, based on her reported equity of $150,000 in her home, and denied her request.

On pro se appeal to the district court, Asselin argued that the magistrate court abused its discretion in denying her motion in limine, and brought up other concerns with the way DUI investigations are conducted, including the scientific validity of the FC20 breathalyzer. As none of these additional arguments were raised before the magistrate court, the district court found that the only issue adequately preserved for appeal was whether the magistrate court abused its discretion. The district court found that the magistrate acted within the bounds of its discretion when it denied Asselin's motion in limine. Asselin timely appeals.

## II.

## ANALYSIS

Asselin argues that the magistrate court abused its discretion when it denied her motion in limine. In addition, she argues, for the first time on appeal, an ineffective assistance of counsel claim, and that she was denied counsel in violation of the Sixth Amendment. The State denies each of these arguments, and additionally argues that both the district court and this Court lack jurisdiction to hear Asselin's appeal. We will address each of these contentions below.

### A.    Jurisdiction

The State argues that because Asselin's notice of appeal was filed before judgment was entered by the magistrate court, it was not timely filed. Therefore, both the district court and this Court lack jurisdiction to hear her appeal. Asselin argues that her filing was not untimely, but premature, and became valid under Idaho Appellate Rule 17(e)(2) once judgment was entered. Whether a court lacks jurisdiction is a question of law over which we exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

An appeal from the magistrate court to the district court may be made from the judgments or orders listed in Idaho Criminal Rule 54(a)(1), and a notice of appeal "must be filed within 42 days from the date file stamped by the clerk of the court on the judgment or order being appealed." I.C.R. 54(b)(1)(A). However, I.A.R. 17(e)(2) provides, "A notice of appeal filed from an appealable judgment or order before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment or order, without refiling the notice of appeal."

Although the State is correct that Asselin's appeal was filed before entry of a final judgment of conviction, and not refiled within forty-two days afterward, I.A.R. 17(e)(2) provides that a premature notice of appeal becomes valid upon the entry of final judgment without refiling. *Weller*

*v. State*, 146 Idaho 652, 654, 200 P.3d 1201, 1203 (Ct. App. 2008). Therefore, both this Court and the district court properly exercised jurisdiction over this appeal.

**B.      Motion in Limine**

Asselin argues that the magistrate court abused its discretion when it denied her motion in limine without expert testimony validating the State's use of the FC20 breathalyzer test. The State denies this, and additionally argues that Asselin does not adequately challenge the district court's intermediate appellate decision, instead only asserting that the magistrate court erred.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate court's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*. Accordingly, we will review the district court's decision to determine whether it correctly addressed the issues raised on appeal. *Papin v. Papin*, 166 Idaho 9, 18, 454 P.3d 1092, 1101 (2019).

Asselin's briefing is devoid of any assertion that the district court erred, instead arguing only that the magistrate court abused its discretion. This Court does not review the decision of the magistrate. *Id.* As her briefing lacks any argument that the district court erred, we hold that Asselin has not met her burden to show district court error.

Further, Asselin's arguments that the magistrate court abused its discretion focus on the scientific validity of the FC20 breathalyzer test, rather than whether a new mouthpiece was required, as argued in her motion in limine. The district court found that any arguments regarding the scientific validity of the FC20 breathalyzer test were not preserved, as they were not raised in the magistrate court. A review of the record and her motion in limine confirm this finding. Appellate court review is limited to the evidence, theories, and arguments that were presented

below.  *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).  As this argument was not raised below, it was not preserved and this Court will not consider the argument.

Moreover, the district court considered Asselin's argument regarding reuse of the breathalyzer mouthpiece and found that the magistrate court did not abuse its discretion.  Trial courts have broad discretion when ruling on a motion in limine.  *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

The magistrate court must first have recognized its discretion.  A court is not required to explicitly make a finding regarding its discretion if the record clearly shows that the court correctly perceived the issue as one of discretion.  *State v. Le Veque*, 164 Idaho 110, 114, 426 P.3d 461, 465 (2018).  Here, it is clear from the record that the magistrate court recognized its discretion to deny Asselin's motion in limine.  The magistrate court also acted within the bounds of their discretion.  Denying a motion in limine is within the bounds of a trial court's discretion.  *Richardson*, 156 Idaho at 527, 328 P.3d at 507.

The magistrate court also acted consistently with any applicable legal standards, and reached its decision by an exercise of reason.  Here, the magistrate court correctly identified the legal standards for admitting a breath test at trial, requiring that the State "establish that the administrative procedures, which ensure the reliability of the test, have been met."  *State v. Healy*, 151 Idaho 734, 736, 264 P.3d 75, 77 (Ct. App. 2011).  The magistrate court considered Asselin's argument that the Idaho State Police Standard Operating Procedures manual required that the mouthpiece be changed between each blow and found, based on the plain language, that a new mouthpiece was only required for each series of tests.  Further finding that the State laid an adequate foundation through the calibration of the breathalyzer and Officer Lemieux's certification as a breath test operator, the magistrate court denied Asselin's motion in limine.  The magistrate court applied correct legal standards and acted consistently with the applicable law and facts presented to it.  For these reasons, we affirm the district court's finding that the magistrate court did not abuse its discretion.

## C.    Ineffective Assistance of Counsel

Asselin argues, for the first time on appeal, that her attorney's failure to raise arguments as to the scientific validity of the FC20 breathalyzer and to call an expert witness constitute ineffective assistance of counsel.  Generally, issues not raised below may not be considered for the first time on appeal.  *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Asselin did not raise this issue on appeal to the district court, therefore this claim is unpreserved and will not be considered by this Court.

Moreover, we do not ordinarily address claims of ineffective assistance of counsel on direct appeal because the record is rarely adequate for review of such claims.  *Sparks v. State*, 140 Idaho 292, 296, 92 P.3d 542, 546 (Ct. App. 2004); *State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003).  The resolution of factual issues for the first time on appeal, based upon a trial record in which competence of counsel was not at issue, is at best conjectural.  *State v. Doe*, 136 Idaho 427, 433, 34 P.3d 1110, 1116 (Ct. App. 2001).  Such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed.  *State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct. App. 1993).

## D.    Deprivation of Counsel

As noted above, Asselin claims that she was deprived counsel in violation of the Sixth Amendment for sentencing and her appeal.  The State argues that Asselin elected to represent herself when she signed a stipulated substitution of counsel and agreed to discharge her attorney, and that she was not entitled to court-appointed counsel after the magistrate court found that she was not indigent.

Asselin's Sixth Amendment argument was not raised at any point below.  Generally, issues not raised below may not be considered for the first time on appeal.  *Fodge*, 121 Idaho at 195, 824 P.2d at 126.  However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine.  *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019).  Claims of error made during sentencing may also be reviewed for fundamental error.  *State v. Rollins*, 152 Idaho 106, 111, 266 P.3d 1211, 1216 (Ct. App. 2011).  In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things.  First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated.  *Id.*  Second, the error must be clear and obvious, meaning the record must demonstrate

6

evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

A criminal defendant has a constitutional right to the assistance of counsel at all critical stages of the criminal process, and indigent criminal defendants are guaranteed the right to appointed counsel. *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963); *State v. Blevins*, 108 Idaho 239, 241-42, 697 P.2d 1253, 1255-56 (Ct. App. 1985). An accused also has the right to waive the assistance of counsel and to represent himself or herself. *See Faretta v. California*, 422 U.S. 806, 835 (1975); *State v. Averett*, 142 Idaho 879, 885, 136 P.3d 350, 356 (Ct. App. 2006).

Asselin was initially appointed counsel, and was represented through trial. After trial, the record indicates that Asselin signed a stipulated substitution of counsel, agreeing to discharge counsel and represent herself moving forward. Asselin now argues that she did not intend to represent herself. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Based on the record, Asselin expressed dissatisfaction with her counsel's performance, and elected to represent herself, invoking her right to do so. Under the facts in the record, there was no violation of Asselin's right to counsel, and therefore no fundamental error.

In addition, even had Asselin not elected to proceed without counsel, she was not denied counsel at sentencing or on appeal. After discharging counsel, Asselin requested a public defender at a hearing prior to her sentencing date. The magistrate court questioned her to determine whether she qualified as indigent. Asselin told the court that she had $150,000 of equity in her home, which led the magistrate court to find that she did not qualify as indigent. The magistrate court determines whether a person seeking court-appointed counsel is indigent, and "may consider such factors as income, property owned, outstanding obligations, the number and ages of his dependents and the cost of bail." I.C. § 19-854(3). Asselin makes no argument that the magistrate court's finding on this matter is incorrect. There was nothing preventing Asselin from obtaining independent counsel for sentencing and her appeal. For these reasons, we hold that Asselin's Sixth Amendment rights were not violated and no fundamental error exists.

### III.

### CONCLUSION

The district court did not err by finding that the magistrate court did not abuse its discretion in denying Asselin's motion in limine, and Asselin's right to counsel was not violated. Therefore, we affirm the district court's decision.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.